# Hemscher, Appellant, *v.* Dobson.

*Negligence—Master and servant—Machine—Evidence—Nonsuit.*

In an action by a girl fourteen years old against her employer to recover damages for personal injuries, sustained by her hand being caught in a machine at which she was working, a nonsuit is properly entered, where the evidence shows that the machine suddenly started, and that plaintiff's hand was drawn in and injured, but there is no evidence whatever to show what caused the machine to start, or that the defendant was in any way responsible for the starting, or had any knowledge or reason to anticipate that the machine was liable to start of its own accord, or that the accident was caused by any lack of warning or instruction to the plaintiff.

Argued Jan. 10, 1908. Appeal, No. 350, Jan. T., 1907, by plaintiffs, from order of C. P. No. 5, Phila. Co., Dec. T., 1903, No. 2,978, refusing to take off nonsuit in case of John Hemscher and Ethel Hemscher by her father and next friend, John Hemscher, v. John Dobson and James Dobson, trading as Mount Vernon Mills. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass by a girl fourteen years old against her employer to recover damages for personal injuries. Before RALSTON, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order refusing to take off nonsuit.

*Henry J. Scott,* for appellants.

*Thomas Earl White,* of *White, White & Taulane,* for appellees.

OPINION BY MR. JUSTICE POTTER, March 2, 1908:

This is an appeal from the refusal of the court below to take

off a judgment of compulsory nonsuit.   In the opinion of the trial judge, no negligence upon the part of the defendant was shown.   The plaintiff was working upon a reeling machine, which she had stopped ; and she states that while she was taking the yarn off the reel, the machine suddenly started, and her hand was drawn in, and injured.   There was no evidence to show what caused the machine to start.   There was neither allegation nor proof of any defect.   There was nothing in the nature of the accident suggestive of the conclusion that the employer had fallen short of the obligatory standard of care. The law is well settled, that no presumption of negligence on the part of the employer arises from the mere happening of an accident.   The present case is distinguishable from Patterson v. Trust Co., 211 Pa. 173, cited by appellant, in that the machine in that case, during a period of five or six years in which it had been in use, frequently had been known to start up, of its own accord, and its liability to do so was well known in the shop, and should have been, to the employer.   This placed upon him the duty to warn or instruct employees as to the danger.   But in the present case, we find no evidence that the machine had ever started in the way complained of, at any previous time.   The plaintiff had worked upon the reel from eight days to two weeks, before the accident, and she appeared from her testimony to be very familar with it.   The accident was due solely to the starting of the machine, and there is no testimony to show that the employers were in any way responsible for the starting, or that they had any knowledge, or any reason to anticipate, that the machine was liable to start of its own accord.   Nor does it appear how any instruction that was properly called for, under the circumstances, would have avoided the accident.   The plaintiff has not shown that any lack of warning or instruction was the proximate cause of the injury.   As the trial judge said, this is one of the cases which must be classed among the regrettable and unfortunate accidents, but for which the employer cannot justly be held responsible.

The nonsuit was properly entered, and the judgment is affirmed.