## McDonnell, Appellant, *v.* The Orinoka Mills.

*Negligence—Master and servant—Unexplained accident—Evidence—Judgment n. o. v.*

1. The mere happening of an accident to an employee, while using an appliance furnished by an employer, raises no presumption that the appliance is defective or the employer is negligent. If the employee alleges that he has suffered injuries, resulting from a defective machine, he must prove that the defect produced the injuries.

2. In an action to recover damages for personal injuries, the plaintiff, who was an employee in defendant's mill, assigned to work at a cloth drying machine, testified that, while adjusting cloth around a roller of the machine, which was supposed to remain stationary during this operation, the roller suddenly started to revolve, injuring him; that there was a tight and loose pulley at the end of the roller, and that the belt was on the loose pulley at the time; that the tight and loose pulleys were uneven, and he thought on this account the belt must have shifted automatically from the loose to the tight pulley. It was an admitted fact that the roller ceased to revolve immediately after plaintiff's arm and hands had been caught, and there was no evidence to show what caused it to start. *Held,* the lower court correctly entered judgment for defendant n. o. v., owing to the entire absence of evidence as to the cause of the accident.

Argued March 25, 1913. Appeal, No. 421, Jan. T., 1912, by plaintiff, from judgment of C. P. No. 1, Philadelphia Co., March T., 1909, No. 813, for defendant n. o. v. in case of Arthur McDonnell v. The Orinoka Mills. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BREGY, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,000. The court subsequently entered judgment for defendant n. o. v. Plaintiff appealed.

Assignment of Error—Opinion of the Court.    [241 Pa.

*Error assigned* was the entry of judgment for defendant n. o. v.

*Eugene Raymond,* for appellant.

*F. B. Bracken,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, May 12, 1913:

This action was brought by the plaintiff to recover damages for injuries which he sustained while working at a cloth-drying machine of the defendant company. The difficulty with the plaintiff's case is that he has failed to show the negligent act on the part of the defendant which produced his injuries. Where one seeks to recover for injuries caused by the negligence of another he must show not only the negligent act but also that it produced the injuries of which he complains. If he alleges that his injuries resulted from a defective machine he must show that the defect produced the injuries. The mere happening of an accident to an employee while using the appliance furnished by the employer raises no presumption that the appliance is defective or the employer is negligent.

The plaintiff testifies that on the occasion of the accident he attempted to put the cloth on the upper roller which "gave a kind of a quiver and a downward shove and it carried my hand in around." In attempting to extricate his left hand his right arm and hand were caught between the cloth and the upper roller. He explains that by a "quiver" he meant a "shake" and that by an "undershot down" he meant a swift movement of the machine. In other words, his testimony is in effect that when he attempted to put the cloth around the upper roller it suddenly started. There is no evidence in the case to show what caused the sudden starting of the roller. As said by the learned judge of the court below "what actually caused the roller to move as it did on the day of the occurrence is left to surmise."

The plaintiff's theory is that the tight and loose pulleys were uneven and that that caused the belt to shift automatically from the loose to the tight pulley on the upper roller, but that is simply a theory. There is no evidence in the case to sustain it. According to his own testimony, the belt was on the loose pulley before the accident and that the cylinder did not continue to revolve after his arm and hands were extricated. This would clearly indicate that the belt was on the loose and not on the tight pulley at the time of the accident. If this be true, it is difficult to understand how the machine was suddenly put in motion, and if suddenly started by the shifting of the belt, as alleged by the plaintiff, why the roller did not continue to revolve at a rapid speed. The plaintiff again theorizes by saying that the impact of his body with the rollers or cylinders caused the upper cylinder to stop. That again is theory without proof. There is nothing in the evidence to show that the shifting of the belt from one pulley to the other automatically caused the sudden starting of the roller which resulted in the plaintiff's injuries. The plaintiff testifies that "I always thought it was the pulleys of the machine" that cause the cylinder to revolve, but that is simply a guess which would not warrant the jury in finding it as a fact. The involuntary or sudden starting of the machine did not interfere with the work. He testifies that on one occasion he showed the belt to Mr. Clark, the boss dyer, and told him it was difficult to send it from one pulley to the other, that the belt "kind of doubled when you went to push it on." He says Clark then had the belt fixed. He testifies that the slack pulley on the tight end ran lower on the shaft than the other pulley and that made the two surfaces uneven. If all this be true, it does not show that it was the cause of the alleged sudden or involuntary starting of the roller which the plaintiff thinks was the cause of his injuries. He himself does not testify that it was. He merely says that there "must have been a defect somewhere, I

guess...... I think it was in the pulleys." The evidence does not disclose that the roller could not have been put in motion by other causes than by the alleged defective pulleys. The plaintiff concedes that he is not a machinist, knows nothing about machinery, and he has not introduced the testimony of any witness, having knowledge of machinery, who testifies that the uneven surfaces of the pulleys could have caused the sudden starting of the cylinder. That is the only defect he suggests which might have caused the starting of the machinery and the consequent injuries to his hands and arm. It was incumbent on him to produce evidence on the trial of the cause which would warrant a jury in finding a defect in the machine and that such defect caused his injuries. The jury must find that the injuries to the plaintiff resulted from the negligent act alleged in his statement, and in the absence of testimony showing such negligent act, the jury cannot be permitted to base a verdict on a guess.

This case is similar, in some of its features, to Hemscher v. Dobson, 220 Pa. 222. There, the plaintiff testified that while she was taking yarn off a reeling machine, which she had stopped, it suddenly started and her hand was drawn in. This court sustained a nonsuit on the ground that there was no evidence to show what caused the machine to start, nor proof of any defect, and nothing in the nature of the accident which is suggestive of the conclusion that the employer had failed in his duty in furnishing a reasonably safe appliance. Greiser v. Eddystone Manufacturing Company, 227 Pa. 375, was an action to recover damages for injuries received in a cloth-drying machine. It was there also held that there could be no recovery as it was not made to appear that the injuries resulted from a defective machine.

The judgment is affirmed.