# Kelenski, Appellant, *v.* John Wood Manufacturing Company.

*Negligence—Master and servant—Punching machine—Cause of injury—Nonsuit.*

Where in an action against a manufacturing company by the operator of a punching machine to recover damages for injuries to his eye caused by a splinter of metal which flew out of the machine when the die descended suddenly upon the punching bed, a compulsory nonsuit was properly entered where various defects in the machine were shown, but the evidence failed to disclose that such defects caused the accident or that defendant was otherwise negligent.

Argued Feb. 1, 1916. Appeal, No. 324, Jan. T., 1915, by plaintiff, from final order of C. P. Montgomery Co., Dec. T., 1910, No. 125, refusing to take off nonsuit, in case of Joseph Kelenski v. John Wood Manufacturing Company. Before BROWN, C. J., POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries.

SOLLY, P. J., specially presiding, stated the facts in part as follows in overruling plaintiff's motion to take off the nonsuit:

The defendant is engaged in the business of manufacturing boilers, tanks, pipe, etc., in the Borough of Conshohocken, this county. In the conduct thereof, flanging and punching machines, operated by hydraulic

power, are used. The punching machine is used for spudding bolt heads and for punching holes in metal plates. Single and double dies, the latter in pairs, are used in the operation of punching holes. These dies are placed on the punching bed of the machine, and carefully adjusted by the operator so as to be true with the head of the plunger rod or bar, in order that a clean and true hole in the metal plate may be made. After the die has been carefully and truly adjusted the operator fastens it in its place, and then applies the power to the plunger rod or bar by releasing a valve which controls it. When the power is applied to the bar or rod it descends with force and punches a hole in the plate.

On the morning of August 3, 1910, the plaintiff, who had been working at the punching machine for about six weeks, was engaged in adjusting a die preparatory to punching holes in some metal plates. The machine was stopped. Whilst thus engaged he pulled the lever which controlled the valve of the plunger rod or bar. It suddenly dropped on the die, with the result that a small piece of the die was broken off which struck the right eye of the plaintiff and destroyed the sight of it.

The plaintiff thereafter brought this suit to recover damages for the injury he sustained. In his statement of claim filed he averred that the injury was the result of the negligence of the defendant in furnishing him an unsafe, improper, and defective machine. The plaintiff, in his statement, described how the accident happened. He stated that, "upon taking hold of the operating lever to gently move it to test whether the die and punch were true to each other, the said lever, because of its defective condition, suddenly and unexpectedly, and without any fault of the plaintiff, dropped the entire distance, causing the punch and die, which were not yet true, to come together with great force and violence, whereby a piece of one or the other was broken off by the sudden contact, and flew with great velocity through the air, striking the

plaintiff in the right eye, bursting the eyeball and permanently ruining the sight thereof."

At the trial, the plaintiff attempted to prove three things that might have caused the accident, namely—a defective lever; the use of a small piece of metal under the lever which controlled the valve admitting power to the machine; and that two flanging machines, which were connected up to the same water main that the punching machine was connected to, were started up while the punching machine was not in operation and when the plaintiff was engaged in adjusting a die, which jarred the punching machine and caused the plunger rod to suddenly descend.    The evidence of the plaintiff and his witnesses failed to establish the cause of the accident, or that the injury received by the plaintiff resulted from the negligence of the defendant.    There was also a failure to show that the punching machine was defective.

The trial judge entered a compulsory nonsuit, which the court subsequently refused to take off.    Plaintiff appealed.

*Error assigned* was the refusal to take off the nonsuit.

*John J. McDevitt,* with him *Charles L. Smyth,* for appellant.

*Henry M. Brownback,* for appellee.

PER CURIAM, March 20, 1916:

The evidence in this case failed to show what negligence of the defendant, if any, was the cause of the accident which resulted in the injuries to the plaintiff.    For this reason the judgment of nonsuit was properly entered, and no error was committed in refusing to take it off.

Judgment affirmed.