# Brown, Appellant, *v.* Westinghouse Electric & Manufacturing Company.

*Negligence—Master and servant—Punching press—Fall of blade —Unexplained cause—Burden of proof—Judgment for defendant n. o. v.*

1. In an action by an employee to recover damages for personal injuries, alleged to have resulted from the negligence of his employer, the burden is upon the plaintiff, not only to prove the accident by a preponderance of evidence, but also to prove some specific act of negligence which caused it, and the plaintiff's case fails if he does not show what, if any, act of negligence resulted in his injury.

2. In an action against an electric manufacturing company to recover damages for personal injuries sustained by plaintiff in consequence of the sudden fall of a punching press, whereby three of · plaintiff's fingers were cut off, the court properly entered judgment for defendant n. o. v. where there was nothing to show what caused the press to fall.

3. In such case it was not material that the person in charge of the press had a general reputation for being careless and of intemperate habits, in the absence of evidence that he was intoxicated or had been drinking on the day of the accident.

Argued Oct. 19, 1916. Appeal, No. 154, Oct. T., 1916, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1911, No. 2763, for defendant n. o. v., in case of George Brown v. Westinghouse Electric & Manufactur-

ing Company, a Corporation.  Before BROWN, C. J.,
MESTREZAT, MOSCHZISKER, FRAZER and WALLING, JJ.  Af-
firmed.

Trespass to recover damages for personal injuries.  Be-
fore SWEARINGEN, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,500.  The court subsequent-
ly entered judgment for defendant n. o. v.  Plaintiff ap-
pealed.

*Error assigned* was in entering judgment for defend-
ant n. o. v.

*John E. Laughlin,* with him *F. C. McGirr,* for appel-
lant.—The inference may be drawn from the circum-
stances that the defendant was negligent: Brunner v.
Blaisdell Bros., 170 Pa. 25; Penna. R. R. Co. v. Books, 57
Pa. 339; Shafer v. Lacock, Hawthorn & Co., 168 Pa. 497;
Geiser v. Pittsburgh Rys. Co., 223 Pa. 170; McCoy v.
Ohio Valley Gas Co., 213 Pa. 367; Myers v. Pittsburgh
Coal Co., 233 U. S. 184.

*W. S. Dalzell,* with him *Dalzell, Fisher & Hawkins,* for
appellee.

OPINION BY MR. JUSTICE WALLING, February 5, 1917:

Plaintiff brought this action to recover damages for
personal injuries sustained while in defendant's employ.
At the time in question defendant had in one of its de-
partments certain machines known as "punching
presses" used for trimming and fitting sheets of steel.
The power was transmitted to the machines by means
of belting, and each was in charge of an operator called
a pressman assisted by a press helper.  The upper part of
the press was arranged so as to be lifted by the applied
power and so that when released it would fall with great
force upon the stationary part beneath.  The face of each

consisted of a hard metal surface so adjusted that when they came together as above stated the sheet steel between would be cut as desired. The press was so constructed that the release of the upper part was caused by the press-man placing his foot upon a treadle. When in operation the helper was on the opposite side of the machine and not in view of the pressman. It was the principal duty of the helper to take the sheets of steel and place them one at a time in the press where they were adjusted by the opera-tor and under his supervision punched or cut as desired. In this process clippings of steel fell upon and into the lower die so that about every two hours the machine had to be stopped, when the upper part was raised and the clippings removed.

On July 19, 1910, while assisting in removing such clippings at the direction of the pressman plaintiff had three fingers of his left hand cut off by the upper part of the machine falling, as it was intended to do when re-leased as above stated. Plaintiff had then been at work on this press as a helper for thirty-nine days. There is nothing to indicate what caused the press to fall at that time. The evidence tended to show that the pressman had the general reputation of being careless and a man of intemperate habits, and that some two or three years before he had been discharged by the defendant for in-toxication. There was nothing to show that he was in-toxicated or had been drinking on the day in question, and nothing aside from the accident to indicate that he was guilty of any negligence on that occasion, or to show that plaintiff was injured through any act or fault of his. In fact the cause of the falling of the press did not ap-pear, unless it might be inferred from the act. The court below refused defendant's request for binding instruc-tions and the jury found for the plaintiff; but later, on motion, the court set the verdict aside and entered judg-ment for the defendant non obstante veredicto.

In a case like this the burden is upon the plaintiff not only to prove the accident but also some specific act of

negligence which caused it. Here plaintiff's case fails for he does not show what if any act of negligence resulted in his injury. Assuming that the pressman was not fit to be in charge of the machine and that defendant knew it, and was therefore liable for his negligence, still there can be no recovery here for lack of evidence that he was in default. We cannot infer that because he had been intoxicated on other occasions he was therefore intoxicated on this occasion, and that because of intoxication he was careless and because he was careless he put his foot on the treadle and caused the accident. All of these inferences may possibly be true but neither of them is supported by any evidence.

The evidence tending to show the pressman's general intemperance and carelessness was not competent nor admitted to prove what he did on this occasion, but to show that on account of such habits the defendant by so employing him became liable for his negligence. But the fatal defect in plaintiff's case is a lack of evidence that he was hurt because of the pressman's negligence.

It was incumbent upon plaintiff to show the unfitness of the pressman, to the extent that it was or should have been known to defendant; and that such unfitness caused the injury complained of; but, as to the latter there was no proof, for so far as appears no one knows what caused the press to fall. This is not a case where the happening of an accident raises a presumption of negligence: McDonnell v. Orinoko Mills, 241 Pa. 61.

"Except in the case of a carrier, the rule is uniform that where recovery is sought on the ground of negligence of the defendant, the burden of proof is on the plaintiff, and in an action against an employer some specific act of negligence must be shown": Spees v. Boggs, 198 Pa. 112-116; see also Kumke v. Best Kid Co., 244 Pa. 126.

We agree with the court below, that, "It is not enough for the plaintiff to show that the pressman was incompetent. He must have gone further and have proved that

the pressman did something, or omitted to do something, which was the proximate cause of the accident......In such case as this, the law requires that a specific act of negligence be proved."

The suggestion that plaintiff was not properly instructed as to the dangers of the employment is not sustained by the evidence and was not urged at the argument.

The assignment of error is overruled and the judgment is affirmed.