## Direnzo *v.* Pittsburgh Bridge & Iron Works, Appellant.

*Negligence—Master and servant—Evidence — Fall of girder — Res ipsa loquitur—Burden of proof.*

In an action by an employee against his employer to recover damages resulting from the fall of a girder, a verdict and judgment for plaintiff cannot be sustained where the plaintiff offers no evidence as to the cause of the fall of the girder, nor proof of any defect in the place, tools or appliances, or of any other negligence of the defendant. The mere fall of the girder is not evidence of negligence, and the rule res ipsa loquitur does not apply.

Argued October 7, 1919. Appeal, No. 108, Oct. T., 1919, by defendant, from judgment of C. P. Beaver Co., March T., 1916, No. 183, on verdict for plaintiff in case of Pietro Direnzo *v.* Pittsburgh Bridge & Iron Works. Before BROWN, C. J., STEWART, MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before BALDWIN, P. J.

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Error assigned,* among others, was refusal of judgment for defendant n. o. v.

*Dan H. Stone,* for appellant, cited: King v. McClure Co., 222 Pa. 625; McGrath v. Thompson, 231 Pa. 631; Iams v. Hazel-Atlas Glass Co., 251 Pa. 439; Feeney v. Abelson, 49 Pa. Superior Ct. 163; Sorden v. Parker, 53 Pa. Superior Ct. 539.

*A. P. Marshall,* for appellee.

OPINION BY MR. JUSTICE WALLING, January 5, 1920:

This is an action by a servant against his employer for personal injuries. On September 24, 1915, plaintiff, while employed by defendant in its plant at Rochester, Pa., was injured by the fall of an iron girder. The accident happened in the assembling room where girders, etc., were finished and prepared for shipment. For this work the girders were placed upon and at right angles with three trestles, two of which were permanently attached to the concrete floor and the third moveable. The trestles were thirty-two feet long and two and one-half high, while the girder in question was fifteen feet long, three feet high and rested on the trestles on its flanged edge, which was eight inches wide. Its weight was about 1,500 pounds, and, as it so rested, the top or upper edge was five and one-half feet from the floor. It was placed about a foot from the end of the trestles, the balance thereof being occupied by other like material. This girder was finished and ready for removal, which was done with a crane and chains. For that purpose plaintiff threw over the top of the girder the end of a heavy chain and stooped down to draw it under, when the girder fell over on its side and off the end of the trestles, by which he was seriously injured. No explanation was given as to the cause of the fall of the girder, nor proof offered of any defect in the place, tools or appliances. Plaintiff was fully acquainted with the con=

ditions, and there was no evidence of incompetency on part of the foreman or other employees. The jury found for the plaintiff, and defendant, who had asked for binding instructions, brought this appeal from judgment entered upon the verdict.

The trial court should have directed a verdict for defendant, or granted its motion for judgment n. o. v., as there is nothing in the case but the fall of the girder. Plaintiff was working around it at the time, but there is no evidence of what caused its fall; hence, there is no basis for a finding that it resulted from some act or omission of the master. "Except in the case of a carrier, the rule is uniform that where recovery is sought on the ground of negligence of the defendant, the burden of proof is on the plaintiff and in an action against an employer some specific act of negligence must be shown": Spees v. Boggs, 198 Pa. 112-116; see also Kumke v. Best Kid Co., 244 Pa. 126; Brown v. Westinghouse E. & Mfg. Co., 256 Pa. 403. In such case the mere happening of an accident raises no presumption of negligence against the employer: Ceen v. Wm. Cramp & Sons S. & E. B. Co., 249 Pa. 415; McDonnell v. Orinoka Mills, 241 Pa. 61; Wojciechowski v. Spreckels Sugar Refining Co., 177 Pa. 57, 63. In Diver v. Singer Mfg. Co., 205 Pa. 170, Mr. Justice FELL speaking for the court says, "To entitle the plaintiff to recover, it was necessary that she should show some specific act of negligence on the part of the defendant, or the existence of conditions so obviously dangerous as to amount to evidence from which an inference of negligence would arise." See also Kumke v. Best Kid Co., supra; Stearns v. Ontario Spinning Co., 184 Pa. 519, 523. Here there is neither a specific act of negligence nor an obviously dangerous condition shown, nor any circumstances to support a finding of negligence. As the girder was not in the exclusive control of the master, but in fact being operated upon by plaintiff in preparation for its removal, the rule res ipsa loquitur could not apply under any aspect of the case.

There was no evidence that the method of doing the work was improper or that this particular girder was improperly placed or improperly supported; hence, the mere fact that it fell proves nothing beyond the accident. The evidence is that some but not all of the girders had webs which extended slightly below the flange and caused them to rest unevenly on the trestles; but there is no evidence that this one had such a web or any defect; while the burden was on plaintiff to prove a defect and that it caused the accident: Kelenski v. John Wood Mfg. Co., 253 Pa. 77. "It is not permissible to guess at the cause of an injury, and assume that it was something for which the defendant was responsible": Reese v. Clark, 146 Pa. 465. It is alleged and urged that this girder was placed too near the end of the trestles, but there is no proof that where it was placed was bad or unusual practice, or caused the fall, or that it was more dangerous there than elsewhere. Had it been standing between other girders its fall might have caused more serious injury. The proximate cause of the accident was the fall of the girder, and, in the absence of any evidence placing responsibility therefor upon defendant, there can be no recovery. In this view of the case it is unnecessary to pass upon appellant's contention that the manner of placing the girder was a mere detail of the work for which the master was not liable; or as to whether the foreman was a vice principal as to the work in hand, especially as there is no evidence of any negligence on his part.

The third assignment of error, to the effect that the court erred in refusing defendant's request for binding instructions, and the fifth, that the court erred in overruling the motion for judgment n. o. v., are sustained.

The judgment is reversed and is here entered for the defendant.