## Mitchell, Appellant, *v.* Scharf.

Argued April 14, 1955. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, and WOODSIDE, JJ. (HIRT and ERVIN, JJ., absent).

*Norman Landy,* with him *Wolken & Landy,* for appellant.

*H. A. Robinson,* with him *Dickie, McCamey, Chilcote, Reif & Robinson,* for appellees.

OPINION BY ROSS, J., July 21, 1955:

The appeal in this trespass action is from judgment n.o.v. entered by the court below after the jury awarded plaintiff damages for personal injuries sustained in the home of defendants, the basis for the n.o.v. being

the failure of the plaintiff to prove negligence on the part of defendants.

Plaintiff was hired by defendants as a domestic worker for one day. She was instructed to do some miscellaneous household chores and then some laundry. Since she was not familiar with the operation of defendants' clothes dryer, she was instructed to hang the various articles on clotheslines which ran across the cellar. At one end of the cellar the lines were attached to a kitchen cabinet, which in turn was attached to and hanging suspended from the wall approximately five feet from the floor. Plaintiff testified that the cabinet was nailed to the wall, but on cross-examination stated that she did not know how it was attached. In any event, she did not state how it was nailed, how many nails were used, nor how large the nails were. The cabinet contained old check stubs and some glasses. The clotheslines were attached by means of screws inserted at about the middle of the cabinet. After plaintiff had hung up three sheets on one of the lines and as she was hanging the fourth, the cabinet pulled away from the wall and fell upon her, causing certain injuries to her left side. She was stunned and when she got up from under the cabinet she swept up the broken glass, picked up the clothes from the floor and went home after receiving her pay. She never went back, nor did she see the cabinet again.

Appellant limits the question on this appeal to a determination of whether these facts bring the case within the doctrine of exclusive control, making it unnecessary for her to show specific acts of negligence on the part of defendants.

In order for plaintiff to recover it was, of course, incumbent upon her to show that defendants were negligent in the duty they owed to her and that this negligence was the proximate cause of her injury. De-

fendants had a duty to plaintiff, their employe, to provide a reasonably safe place to work and accordingly they were chargeable with defects which an ordinary and reasonable inspection would reveal. *Reilly v. Reilly,* 264 Pa. 103, 107 A. 633. They were not, however, insurers of her safety and they cannot be held to an absolute liability for every accident that might occur. *Miller v. Hickey,* 368 Pa. 317, 324, 81 A. 2d 910. There is admittedly no direct or circumstantial evidence of negligence on defendants' part. There is nothing to show that the cabinet was fastened in an unsafe manner (although plaintiff had an opportunity to examine closely the fastening after the accident), nor is there any evidence to show that any defect would have been revealed by a reasonable inspection. To establish the negligence plaintiff chose to prove merely the fall and then relied upon the doctrine of exclusive control to raise the inference of negligence. We agree that the doctrine has no application to the situation here presented.

The doctrine of exclusive control, since its inception in Pennsylvania in the case of *Shafer v. Lacock, Hawthorn & Co.,* 168 Pa. 497, 504[1], 32 A. 44, has had a varied and somewhat unpredictable treatment by our courts. This has led to some confusion concerning its application. Mr. Justice BELL discusses very thoroughly its history and application in our courts in his concurring majority opinion in the case of *Kotal v. Goldberg,* 375 Pa. 397, 100 A. 2d 630, concluding, as the Supreme Court did in *Miller v. Hickey,* supra, 368

---

[1] "When the thing which causes the injury is shown to be under the management of the defendants and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants that the accident arose from a want of care."

Pa. 317, 81 A. 2d 910, at page 331, that great care should be exercised to limit its application to exceptional cases "where the evidence of the cause of the accident is not equally available to both parties but is peculiarly or exclusively accessible to and within the possession of the defendant". Cited in both *Kotal* and *Miller* opinions are cases similar to the instant one in the manner in which the accident occurred—the falling of an object upon the plaintiff. An examination reveals that the doctrine has not been applied to this situation. We list a few examples cited on pages 410-411 of the *Kotal* case, supra: *Lanning v. Pittsburgh Railways Co.*, 229 Pa. 575, 79 A. 136, where the plaintiff failed to make out a prima facie case by showing that defendant's trolley wire broke and fell upon her; *Direnzo v. Pittsburgh Bridge & Iron Works*, 265 Pa. 561, 109 A. 279, where a girder fell upon the plaintiff, a workman, and recovery was refused on the reasoning that (page 563) ". . . there is nothing in the case but the fall of the girder . . . there is no evidence of what caused it to fall; hence, there is no basis for a finding that it resulted from some act or omission of the master . . . the mere happening of an accident raises no presumption of negligence against the employer . . . 'it was necessary that [plaintiff] . . . show some specific act of negligence on the part of defendant, or the existence of conditions so obviously dangerous as to amount to evidence from which an inference of negligence would arise.' "; *Lentz v. Allentown Bobbin Works*, 291 Pa. 526, 140 A. 541, where plaintiff, a roofer, was denied recovery upon a showing that a rotten board collapsed under him, the Court stating at pages 529-530: " 'A master is not liable for injuries resulting to a servant by reason of latent defects of which he was ignorant and which could not be discovered in the exercise of reasonable care and

diligence' . . . The mere breaking of the board did not prove negligence. . . To hold the employer or property owner liable under such circumstances would place upon him an unreasonable burden which the law does not do. He is only required to use ordinary care to protect those lawfully upon his premises. . .": *Miller v. Hickey,* supra, 368 Pa. 317, 81 A. 2d 910, where recovery was denied to plaintiff workman who fell when a fire escape handrail gave way because it had deteriorated, although the defect was not visible but latent.

It is, of course, the rule in negligence cases that the plaintiff must establish a prima facie case of negligence and causation. The doctrine of exclusive control is an exception to this principle, and its effect is to shift to the defendant the burden of disproving negligence by a satisfactory explanation. In essence it goes contrary to the settled rule that the mere happening of an accident raises no presumption of negligence. Its application, therefore, should be watched carefully by our courts. As Mr. Justice BELL points out in the *Kotal* case, it cannot be applied literally, for if it were, it would fit almost every case of negligence. It was never intended to have so broad an application. Rather, it is a doctrine which justice requires to be applied in exceptional and unusual cases where the plaintiff is placed at a great disadvantage by the fact that the thing causing the injury is under the exclusive control of the defendant and the evidence is within the latter's exclusive possession or access.

*Exclusive* control means something more than that the object be owned by the defendant. The cabinet here was not within defendants' exclusive control. They were not even present while plaintiff was handling the wash. She is the one who was working around the cabinet and it was her act in burdening the clothesline which brought down the cabinet.

After the accident the plaintiff had ample opportunity to examine the fastenings. If at all defective she could readily so have ascertained. There also was opportunity for plaintiff to ascertain the cause of the fall of the cabinet. She could have produced much more evidence than the mere happening of an accident and, while it may not have been direct evidence, it might have been sufficient to raise an inference of negligence. The mere difficulty of obtaining evidence is not the criterion for application of the doctrine. Also, the accident must be of such nature that it would not ordinarily happen unless defendant is negligent. This does not mean that *one of the possible causes* of the accident could be defendant's negligence. Rather, it contemplates that examining the accident in the light of human experience it is one which occurs almost invariably because of a defendant's negligence. In the instant case, the fall of the cabinet is not of such nature that it can be said to have occurred solely because of defendants' negligence. It is just as reasonable an inference here that the defect was latent and, therefore, not chargeable to defendants.

This clearly is not a case for the application of the exclusive control doctrine. For cases in which the doctrine has been applied, see *Loch v. Confair,* 372 Pa. 212, 93 A. 2d 451; *Dillon v. William S. Scull Co.,* 164 Pa. Superior Ct. 365, 64 A. 2d 525 (allocatur refused); *Mack v. Reading Co.,* 173 Pa. Superior Ct. 296, 98 A. 2d 399, affirmed, 377 Pa. 135, 103 A. 2d 749; *Miller v. Meadville Food Service, Inc.,* 173 Pa. Superior Ct. 357, 98 A. 2d 452 (allocatur refused).

Judgment affirmed.