## Ackerman, Appellant, *v.* Donovan.

Argued April 11, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Clifford H. Kahn,* with him *Kahn & D'Ambrosio,* for appellant.

*Edward H. Carney,* with him *Carney, Carney, Palmisano & Walsh,* for appellee.

OPINION BY ERVIN, J., June 15, 1961:

This is an appeal from the order of the court below making absolute the defendant's motion for judgment n.o.v.

The facts are set forth in the opinion of President Judge EVANS as follows: "The plaintiff, on August 27, 1958, was engaged to wash the windows of the Vernon Hat Shop, one of three business occupants, located in a building known as 828 Peach Street, Erie, Pennsylvania. As he had done over the previous eight years, the plaintiff stood on a concrete surface at the rear of the building for the purpose of doing his work. This concrete surface was close to the building and placed thereon were three garbage cans, being the property of and used by one of the businesses known as Office Lounge. The plaintiff testified that for the purpose of getting close enough to the windows, he removed the cans and when he stepped on the concrete it collapsed. He fell ten or fifteen feet into an areaway below which was occupied for storage purposes by the Den Restaurant. He stated that he did not, on this occasion or at any other time, notice any cracks or defects which would warn him that the place on which he stood was insecure."

The appellant called Joseph Stewart and Joseph Donovan for cross-examination. Mr. Stewart testified that he had been the owner of the Den Restaurant for the previous ten years and had used the storage room beneath the concrete in question. He stated that he observed nothing that would indicate to him that the concrete was in any way defective, and that this observation was made from the areaway below the concrete in question. Joseph Donovan testified that the building was over 50 years old, that he had occupied

it since 1934 and had purchased it in 1945. The evidence does not reveal when the concrete surface was constructed nor that any defect could have been discovered by a reasonable inspection.

The appellant merely proved an accident, that he stepped on the concrete and that it collapsed. The sum total of the testimony introduced on behalf of the appellant was that there was no apparent defect, but rather that the concrete appeared perfectly safe from both above and below. He made no effort to prove notice on the part of the landlord, either actual or constructive, of the existence of a defect, nor did he offer any evidence of the latent defect. Instead the plaintiff relied on the doctrine of exclusive control.

In *Miller v. Hickey,* 368 Pa. 317, 324, 325, 81 A. 2d 910, in an opinion written by Mr. Justice BELL, it was stated: *"An owner or possessor of land is not an insurer;* he is not charged with the absolute duty of having his premises in a safe condition but on the contrary, *owes to a business visitor or invitee only the duty of reasonable care* for his protection and safety, viz.: to keep the premises in a reasonably safe condition and if there be any defects known or discoverable by the exercise of reasonable care and diligence, to warn the business invitee of these defects or dangers; *but for a latent defect of which an owner or possessor is ignorant and which could not be discovered in the exercise of reasonable care and diligence he is not liable*: Lentz v. Allentown Bobbin Works, 291 Pa. 526, 140 A. 541; McCreery v. Westmoreland Farm Bureau, 357 Pa. 567, 55 A. 2d 399; Sorrentino v. Graziano, 341 Pa. 113, 17 A. 2d 373; Newingham v. Blair, 232 Pa. 511, 81 A. 556; Vetter v. Great Atlantic & Pacific Tea Co., 322 Pa. 449, 185 A. 613; Bechtel v. Franklin Trust Co., 120 Pa. Superior Ct. 587, 182 A. 800. . . .

"Considering all the evidence and all reasonable inferences therefrom in the light most favorable to the

plaintiff, he not only failed to prove any specific negligence on the part of the defendant, or the existence of conditions *so obviously dangerous* as to amount to evidence from which an inference of negligence would legitimately arise, *but he likewise failed to prove that the defect could or should have been discovered by a proper or reasonable inspection. This failure is the touchstone of this case."*

In *Mitchell v. Scharf,* 179 Pa. Superior Ct. 220, 225, 226, 115 A. 2d 774, we said: *"Exclusive* control means something more than that the object be owned by the defendant. The cabinet here was not within defendants' exclusive control. They were not even present while plaintiff was handling the wash. She is the one who was working around the cabinet and it was her act in burdening the clothesline which brought down the cabinet.

"After the accident the plaintiff had ample opportunity to examine the fastenings. If at all defective she could readily so have ascertained. There also was opportunity for plaintiff to ascertain the cause of the fall of the cabinet. She could have produced much more evidence than the mere happening of an accident and, while it may not have been direct evidence, it might have been sufficient to raise an inference of negligence. The mere difficulty of obtaining evidence is not the criterion for application of the doctrine. Also, the accident must be of such nature that it would not ordinarily happen unless defendant is negligent. This does not mean that *one of the possible causes* of the accident could be defendant's negligence. Rather, it contemplates that examining the accident in the light of human experience it is one which occurs almost invariably because of a defendant's negligence. In the instant case, the fall of the cabinet is not of such nature that it can be said to have occurred solely because of defendant's negligence. It is just as reasonable an in-

ference here that the defect was latent and, therefore, not chargeable to defendants."

The plaintiff had the same opportunity in the instant case for examination and discovery of the cause of the accident.

The cases of *Jemison v. Pfeifer*, 397 Pa. 81, 152 A. 2d 697; and *Greco v. 7-Up Bottling Co. of Pittsburgh*, 401 Pa. 434, 165 A. 2d 5, are not controlling here because in both of those cases it was proved or provable that the defect could have been discovered by a reasonable inspection.

Order affirmed.