## Rubino v. Walker

214

*James J. Binns,* for plaintiff.
*James T. Kitson,* for defendant.

MARSH, J., July 7, 1972.—On September 23, 1965, plaintiff filed a complaint in trespass against defendants herein to the above-captioned term and number. The matter is a wrongful death and survivor's action consisting of the two counts. On October 14, 1969, defendants, through their attorney, James T. Kitson, Esq., filed preliminary objections and a motion for a more specific pleading. The preliminary objections requested the court to direct plaintiff to file a more specific complaint and to strike off the complaint. On October 24, 1969, plaintiff filed an answer to the preliminary objections and an answer to strike off the complaint. The answer to strike off the complaint indicated that plaintiff would agree to any reduction in the ad damnum clause which the court suggested. Apparently, the matter was held informally in lieu of formal argument and plaintiff construed the suggestions of the court as being consent of court to file an amended complaint. An amended complaint was filed on April 2, 1971. On April 20, 1971, defendant filed preliminary objections to the amended complaint in

the nature of a motion for a more specific pleading and a motion to strike off the complaint. The motion to strike off the amended complaint was based on Pennsylvania Rule of Civil Procedure 1033, which permits a party to amend his pleading only if he has consent of the adverse party or permission from the court. No permission had been given by adverse party, but the court will construe the informal manner of handling the original argument on the original complaint as being the consent of the court.

The function of the pleadings is to put the opponent on notice of what he will be called upon to meet at the trial, and to define the issues which will be tried: Goodrich-Amram, §1019-1, Commentary, p. 103, vol. 1.

What constitutes a proper plaintiff's pleading depends largely on the facts and circumstances of each particular case. Plaintiff should inform defendant of the essential facts to enable defendant to make a proper defense. If the facts lie as much within the knowledge of defendant as plaintiff, less precision is required: Fentini v. Ruginis, 52 Schuy. Leg. Rec. 6 (1956). However, this does not excuse plaintiff from omitting essential and material facts in the complaint: McKeen v. Ellerman, 2 Leb. Leg. J. 230 (1949).

In the instant case, paragraph 3 of plaintiff's amended complaint sets forth that defendant was occupying, as a guest, the dwelling and that the dwelling was destroyed by fire. If plaintiff's theory of his case is that of a liability because of defendant being a guest at an inn, he has sufficiently set forth the allegations necessary as to facts. However, in paragraph 4, plaintiff alleges that the fire began at the floor level of the premises and was caused solely by the negligence and carelessness of defendants in the following particulars, and then sets forth 12 particulars. Defendant filed preliminary objections to paragraph 4,

subparagraphs a, c, d, e, h, i, j, k, and l, all of which on their face bear no resemblance to a cause of fire, but merely set forth problems arising after a fire has been started and an individual was within the building where the fire was located, in that his ability to escape the harm from the fire or that his ability to fight the fire would be impeded. Subparagraphs b, f, and g contain no facts, but only a conclusion that regulations of the Department of Labor and Industry had been violated without details as to the manner.

In Harrison Music Co. v. Colonial Underwriters, 7 D. & C. 2d 423 (1955), the court says:

"Plaintiff has merely alleged that her goods were destroyed by fire on the premises of Defendant Winterhalter, and that this fire was caused or permitted by the negligence of the Defendant Winterhalter. No facts were alleged which, if proved, would support this allegation. Defendant has a right to know on what facts an allegation is based. Without such pleading of facts, Plaintiff has merely pleaded a conclusion of law when she says Defendant was negligent. This is not enough. . . ."

In United Refrigerator Company, Appellant, v. Applebaum, 410 Pa. 210 (1963), the court, in referring to rule 1019(a) of the Pennsylvania Rules of Civil Procedure, states as follows:

"Under this simplified rule of pleading it is only necessary to plead the ultimate facts upon which a defense is based—which appellees have done—and not evidentiary facts. Moreover, the lower court has broad discretion in determining the amount of detail that must be averred since the standard of pleading set forth in Rule 1019(a) is incapable of precise measurement."

A distinction must be made between pleading the ultimate facts upon which the case is based and plead-

ing evidentiary facts which are not required. However, ultimate facts do not mean conclusions of law. The general rule is that the complaint should contain sufficient details to enable the defendant to prepare his defense. There must be a careful and meticulous averment of the negligence charged sufficient to satisfy the requirement of a cause of action rather than general statements of fact or conclusions of law which do not sufficiently inform the defendant of the claim which he must meet. See Goodrich-Amram Standard Pennsylvania Practice, 1044-1.2.

It might well be pointed out that the pleadings should sufficiently state facts upon which the complaint is based to enable a court to have some idea as to where the case will be going so that it would be prepared to meet with the problems of relevancy. Plaintiff's complaint in this matter merely sets out that negligence is in the air everywhere, but in no place indicates that this negligence might be tied to the cause of the fire, which is the negligence alleged by plaintiff, leading to the injury. Allegations of negligence without facts to support them are insufficient: McGeehan v. Cicconi, 48 Luz. Leg. Reg. R. 127 (1958).

Defendant further must take this opportunity in order to prepare his defense, because if he allows the field to be so wide open so as to be unable to prepare a defense, he cannot, after verdict, question the theory of the case. In Curry Coal Co., Appellant, v. M. C. Arnoni, 439 Pa. 114 (1970), the court held that any theory of recovery that was sustained by the evidence would be sustainable on appeal.

In Price v. The Pennsylvania Railroad Co., 17 D. & C. 2d 518, the court, in quoting Judge Keller in Philadelphia Rapid Transit Co. v. King, 110 Pa. Superior Ct. 475 (1933), after mentioning that the case was decided under the Practice Act of May 14, 1915, P. L.

483, but that it was still applicable under the new Rules of Civil Procedure, goes on to say, " 'The . . . [complaint] should have concisely averred those facts as the material ones upon which it based its claim. Instead of doing so, it filed a sort of omnium gatherum . . .

" 'The defendant can scarcely be blamed for objecting that the . . . [complaint] had failed to set forth concisely the negligence of which he was charged as ground for the plaintiff's action, . . .

" 'The practice of declaring upon such a general catalog of averments of negligence in a statement of claim, instead of a concise and summary recital of the material facts relied on, as directed by the Practice Act, is to be condemned, and may result seriously to the pleader in different circumstances.' . . .

"Plaintiff should describe what happened with sufficient particularity so that defendants may know what they must answer. It is not, of course, required that plaintiff plead evidence, but on the other hand, good pleading requires that he set forth in some detail the acts or omissions of defendants on which he relies to show negligence."

The court then went on to quote 3 Standard Pa. Practice 139 (Revised), Complaint §33:

" 'Good pleading requires, not only that every material fact essential to the plaintiff's cause of action be averred in the complaint, but that these essentials of a good cause of action be set forth with sufficient particularity and precision to give the defendant clear, exact, and definite information of the nature, character, and foundation of the demand he is to meet. The Civil Rules do not dispense with time-honored requirements in regard to the particularity with which matters of substance, indispensable to an intelligent and just judgment between the parties, must be set out.' "

In Hall v. Mednitxki, 51 Luz. Leg. Rep. 55 (1960), pertaining to a hotel fire, the court said that the mere allegation of the failure to have fire extinguishers lacked particularity. The court also indicated that it was not necessary to plead the chain of causation between defendant's conduct and plaintiff's injury if the facts pleaded show that such a chain existed. The court also indicated that a pleading should show the nature of a defect and not just that a faulty wiring existed.

In Westlake v. Smith, 5 Ches. R. 222 (1952), the court, in referring to negligence, states that " 'facts must be averred sufficient to show that a duty required by law has been breached, or neglected, by the defendant, and plainly to indicate the causal connection between this breach or neglect and the injury complained of ' ", citing Charnogursky v. Price-Pancoast Coal Company, 249 Pa. 1. The Westlake case also indicated that when an injury is based on a duty imposed by an ordinance, either the ordinance or so much of the ordinance as is pertinent should be pleaded, even though negligence per se was not being claimed. It went on to cite for this authority 65 C. J. S., Negligence, §186(f), p. 879.

Generally speaking, the complaint, in order to set forth an actionable negligence, should disclose three elements: 1. The duty or obligation which defendant is under to protect plaintiff from injury; 2. the failure to discharge that duty; and 3. an injury resulting from that failure: McGeehan v. Cicconi, 48 Luz. Leg. Reg. R. 127 (1958), citing Mitchell v. Scharf, 179 Pa. Superior Ct. 220.

The argument may also be made that defendant may treat many of the allegations as surplusage. This, however, places defendant in the unfair position of determining and guessing as to what may or may not

be surplusage, until such time as the case is revealed at the time of trial.

The court enters the following

## ORDER

And now, July 7, 1972, plaintiff's specific objections to subparagraphs a, b, c, d, f, g, i, j, and k of paragraph 4 set forth in paragraphs 1 through 9 of defendants' preliminary objections for a motion for more specific pleading, are sustained. Defendants' motion to strike off the complaint as set forth in preliminary objection no. 10 is denied. Plaintiff is allowed 20 days to file a more specific complaint in accordance with this opinion.