# Mary McKenna *v.* The Martin and William H. Nixon Paper Company, Appellant.

*Negligence—Tenant—Liability for weak walls.*

Where tenants are in the occupancy of a building which had been built for a paper warehouse and used as such for more than twenty years, they are not liable for a collapse of the building, in the absence of evidence that it was not suitable for the purpose, or that they had notice of defects, or affirmative evidence of overloading. Proof of the collapse of a building is not of itself proof of negligence.

*Notice—Foreman.*

Notice to the mere foreman of a paper company corporation is not a substitute for notice to the officers of said corporation who were in personal charge and direction of the place.

Argued March 24, 1896.   Appeal, No. 215, July T., 1895, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1893, No. 341, on verdict for plaintiff.   Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ.   Reversed.

Trespass to recover damages for death of plaintiff's husband. Before PENNYPACKER, J.

It appeared on the trial that the defendant on August 20, 1888, leased a four story building Nos. 515, 517, Commerce street, Phila., for the term of five years for the purpose of a

paper warehouse. On the afternoon of January 16, 1893, the building suddenly fell in and John McKenna, the plaintiff's husband, who was a laborer in the employ of the defendant, was killed. Others were killed in the same accident, and the president and treasurer of the defendant were imprisoned in the ruins, and they had to be dug out by firemen.

Other facts sufficiently appear in the opinion of the Supreme Court.

Verdict for $2,000 for plaintiff and judgment thereon. Defendant appealed.

*Error assigned* among others was (6) declining the defendant's sixth point " that under all the evidence the verdict should be for the defendant."

*Theodore F. Jenkins*, with him *Gavin W. Hart*, for appellant. —There is no proof that the defective construction was known to the defendant nor that it was so obvious that the defendant should have known it. In such case a tenant is not liable: Shearman & Redfield on Negligence, secs. 189, 712, 724 ; Godley v. Hagerty, 20 Pa. 387 ; Walden v. Finch, 70 Pa. 460 ; Allison Co. v. McCormick, 118 Pa. 519 ; Railroad Co. v. Hughes, 119 Pa. 302 ; Mensch v. R. R., 150 Pa. 598 ; Bradbury v. Coal Co., 157 Pa. 231.

The owner and not the tenant is liable for an injury happening while the tenant is using the building with such care as a prudent man would use such a building : Carson v. Godley, 26 Pa. 111.

A foreman is a fellow workman : Lineoski v. Coal Co., 157 Pa. 153 ; Coal Co. v. Jones, 86 Pa. 432 ; R. R. v. Bell, 112 Pa. 400 ; Coke Co. v. Roby, 115 Pa. 364 ; McGinley v. Levering, 152 Pa. 366.

· *Wm. W. Wiltbank*, with him *Chas. A. Chase*, for appellee.— An employer is bound to exercise reasonable protection against injury to his employees : Wagner v. Jayne Chemical Co., 147 Pa. 479 ; Tissue v. R. R. Co., 112 Pa. 91 ; Rummell v. Dilworth, 111 Pa. 343 ; Clapp v. R. R. Co., 36 Minn. 6 ; Smith v. Car Works, 60 Mich. 508 ; Cook v. Ry. Co., 34 Minn. 45 ; Russell v. Ry. Co., 32 Minn. 230 ; Wharton on Negligence, sec. 791 ; Edwards v. Halinder, Poph. 46 ; Walden v. Finch, 70 Pa.

460 ; Wood's Master and Servant, secs. 334, 336, 343, 349, 353 ;
Giles v. Diamond State Iron Co., 8 Atl. Rep. 371.

OPINION BY MR. JUSTICE MITCHELL, July 15, 1896 :

We fail to find any evidence of negligence on the part of
defendants. The building was rented by them as a paper ware-
house, for which purpose it had been built and used for more
than twenty years. It was not shown that they had any reason
to suppose it was not suitable to the purpose, and they cannot
be chargeable therefore with negligence without notice of de-
fect, or affirmative evidence of overloading.

The only testimony even tending to show notice was that of
Beetem, the builder, who in the summer of 1892 was sent for
to examine the front wall. He found that there was a break
in the front pier where the weight above had cracked the wall
away from the end of the iron girder. Acting for the owner,
not the defendants, he tore down the pier and rebuilt it so that
it was stronger than before. While doing this work he says he
noticed some small cracks in the bricks under the iron pillars
resting on the division wall between the two houses. This was
the wall which subsequently gave way and caused the accident.
But Beetem though an experienced builder does not seem to
have considered the cracks any indication of danger, for he did
not look at the other side of the wall to see if the cracks went
through it, and he made no report either to his employers or to
defendants that the division wall needed strengthening. He
testifies that the break in the front pier had " no material effect "
on the columns which afterwards gave way. All that he says
about notice is that he told Marker, the defendant's foreman,
that " he had the building overloaded and would have to stop
it." He does not say that he referred to the division wall, or
that he even told Marker about the cracks in it, and his remark
appears to have been quite as much an explanation of the break
in the front pier, as a caution in regard to the rest of the build-
ing. But even if it were the latter Marker was a mere foreman
and there is nothing to make notice to him a substitute for notice
to the officers of defendant, who were in personal charge and
direction of the place.

Nor is there any evidence of negligent overloading. Of course
the building was loaded beyond its real capacity as the collapse

showed, but that is not of itself proof of negligence. As already said the building was erected or altered in 1870 for use as a paper warehouse, and had been in use as such from that date. There was not only no evidence that it was loaded by defendants beyond the customary and expected capacity of a paper warehouse, but it was shown that defendants' stock which was paper bags was not so heavy as ordinary paper stock, and the testimony of Bayle, the bookkeeper, called by plaintiff showed affirmatively that the load on the day of the accident was materially less than it had been at other times for a year previous.

On the whole case there was no sufficient evidence of negligence and the jury should have been directed to find for the defendant.

Judgment reversed.