## Smith et vir., Appellants, v. Hartman.

*Negligence—Landlord and tenant—Condition of demised premises—Fall of shelving—Accident to third person—Presumption—Evidence—Res ipsa loquitur.*

In an action of trespass against the owner of a building by a person injured by the fall of some shelving in a storeroom which was leased to a tenant, the mere fact that the shelving fell does not raise the presumption of negligence and the doctrine of res ipsa loquitur does not apply.

Notwithstanding the fact of the injury the owner is not responsible without evidence that such injury was the result of his negligence. Nothing in the general character or position of the structure suggested that it was unsafe, and the work having been done by an experienced and competent builder with suitable material, neither the owner of the property at the time the structure was put up, nor the subsequent owner is chargeable with the consequences of a defect, of which he had no notice, or the existence of which he had no reason to suspect.

Where the landlord was not in the possession of the property, had no control over it, and there was no evidence to warrant the belief that the structure was unsafe, there can be no recovery.

Argued April 21, 1922.   Appeal, No. 154, April T., 1922, by plaintiffs, from judgment of C. P. Westmoreland Co., Aug. T., 1919, No. 523, in favor of defendant non obstante veredicto in the case of Margaret Smith and Jackson Smith, her husband, v. Harvey E. Hartman. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before BEACOM, P. J., Orphans' Court, specially presiding.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of the plaintiffs in the sum of $1,556.25.   Subsequently, on motion, the court entered judgment in favor of the defendant non obstante veredicto.

*Error assigned*, among others, was the order of the court.

*Lewis C. Walkinshaw*, for appellants.—The case was for the jury and a verdict for the plaintiff should be sustained: Walden v. Finch, 70 Pa. 460; Folkman v. Lauer, 244 Pa. 605; Kane v. Lauer, 52 Pa. Superior Ct. 467; Lusk v. Peck, 116 N. Y. Supp. 1051; Colorado Mortgage & Investment Co. v. Giacomini, 136 Pac. 1039; Godley v. Hagerty, 20 Pa. 387; Albert v. State, 7 Atlantic 697; Fox v. Buffalo Park, 47 N. Y. Supp. 788.

*James Gregg*, and with him *Curtis H. Gregg*, for appellee.—There was no evidence to establish any liability on the part of the defendant: Moran v. General Fire E. Co., 259 Pa. 168; Alexander v. Maryland Steel Co., 189 Pa. 582; Joyce v. Black, 226 Pa. 408; Huey v. Gah-

lenbeck, 121 Pa. 238; McKenna v. Paper Co., 176 Pa.
306; Edwards v. N. Y. & H. R. Co., 98 N. Y. 245; 50
Am. Rep. 659.

OPINION BY HENDERSON, J., July 13, 1922:

The appellant, Margaret Smith, one of the plaintiffs
in the action, was injured on the 12th of December, 1918,
in a store kept by the firm of Charley Brothers. She was
there making some purchases about one o'clock in the
afternoon when a structure composed of shelves, erected
on the west side of the building and covering a space
about 75 feet long on which merchandise of various kinds
in tins, boxes, bottles and cartons was kept, toppled over.
The shelves were supported by a base of considerably
greater width which had the height of an ordinary store
counter. A molding or cornice was attached to the shelf
structure at the top and this projected several inches over
the shelves. On the top of this structure including the
molding or cornice, on the day mentioned, there was also
a considerable quantity of merchandise in cartons and
perhaps in other packages. While Mrs. Smith was stand-
ing near the counter on the west side of the room and
about 15 or 18 feet from the front of the building, this
shelf structure fell on the counter and the merchan-
dise contained on the shelves and on top of the
structure was thrown on the counter and on the floor.
Mrs. Smith was struck by something not described in the
evidence and one of her legs was thereby broken. The
defendant was the owner of the building and the plaintiff
believing that he was legally responsible for her injury
brought this action against him. The building was
erected in 1889 about which time the shelves were con-
structed. It was built to be used as a store building and
was so occupied by the owner until 1898 when the de-
fendant bought it. He conducted a general store there
until October, 1917, when he leased the building to Char-
ley Brothers to be used as a store. The charge against
the defendant in the statement of claim was that at the

time of the leasing of the building the shelving was insecurely fastened to the side walls of the store room and the supports thereof were uneven, decayed, weakened and out of plumb, and by reason thereof not sufficiently strong to carry the ordinary stock of goods thereon. The only evidence to support the action related to the manner in which the shelving was fastened to the wall, and that is to be found in the testimony of two witnesses one of them a son-in-law of Mrs. Smith, who came to the store soon after the plaintiff was hurt and who testified that "the shelving had only about three nails in it near the window. I did not look clear across; I just looked at the one end." The three nails he found at the top of the shelving—he just looked at the corner. He was not long in the store at the time and made no further examination. The other witness, Mr. Shankle, came there the same afternoon sometime after the accident and examined the shelving to see what held it in place. He testified that the only thing that held it was three twenty-penny spikes —one on one end, and two on the other. There was nothing but these spikes in each end—just at each end of the shelving. It was fastened at each end. He thought there were six or eight shelves. He assisted in raising the structure and replacing it against the wall in its former position. This constitutes the evidence tending to prove a structural defect.

On behalf of the defendant, it was shown by Mr. Mowry that he built the shelving in 1884. He was a carpenter by trade and had been engaged in that business for about fifty years at the time his testimony was given. It was shown by him that the material used for the shelving was white pine; that it was good material and suitable for the purpose—the witness had had experience in such work. The shelves were attached to the wall by nails. Mr. Shirey, another carpenter, replaced the shelves. He testified that he took the nails out of the shelves which pulled out of the studding and that they would be hidden unless the casual observer would

get back of the shelving to see them. He was engaged for about two hours removing the nails so that the structure could be put back against the wall. He said the shelving looked all right to him; that it was suitable to be used in a retail store. Mr. Batschlet who assisted Mr. Shirey in replacing the shelves and who had had experience as a carpenter said that he wouldn't consider it necessary to make the shelving any stronger than it was. Other evidence was to the effect that there was no indication of weakness or lack of structural sufficiency up to the time of the accident. There was also evidence that the tenants in the prosecution of their business kept goods on the top and projecting cornice of the shelves and that at the time of the accident a large quantity of Quaker Oats and other merchandise was there.

The court submitted the case to the jury on the evidence of Shankle and Woldt, the son-in-law, to inquire whether the accident occurred because of the insufficient strength of the shelf structure with the instruction that if they should so find, a verdict might be rendered for the plaintiff. On a motion for a judgment non obstante veredicto, the trial judge reviewed the evidence and reached the conclusion that the verdict could not be sustained on the evidence and judgment was accordingly entered. The burden was on the plaintiff to support the allegations of the statement of claim by competent testimony. The occurrence of the accident did not create a presumption of negligence. It was the undertaking of the plaintiff to show by satisfactory evidence that the defendant was responsible for her injury. The fact to be proved was that the defendant had knowledge of the insecurity of the shelving at the time he leased to the tenants who were conducting the store, or that its condition was such that he ought reasonably to have known that it was unfit for the purpose. As there was no attempt to do more than prove that there was not a sufficient number of nails or spikes used to hold the structure to the wall, and as this evidence was given by one

witness who was not a builder and is not shown to have had any experience in such work, supplemented by the testimony of the witness Woldt as to the spikes or nails which he saw in one place, the court was not in error in concluding that the testimony was not sufficient to charge the defendant with responsibility. No witness testified that the shelves were so constructed that the placing of merchandise on them would have a tendency to force them from the wall, nor does it appear that there was any latteral pressure on the structure. The defendant did not erect the building, nor the shelves; the latter work was done by a skilled mechanic of sufficient experience; the material was adequate, and the structure was of the customary form adapted to the uses for which it was intended. The building had been used for mercantile purposes for about nine years before the defendant bought it, and by him for about nineteen years, before he leased to Charley Brothers. The shelving had suited the service of that period without any indications, so far as is disclosed by the evidence, that it was not substantial and in good condition. Nothing in its situation and use was suggestive of decay from exposure to the elements; nor did the plaintiff attempt to show that the manner of its use had a tendency to break it down. The defendant painted the shelves about the time the tenants took possession, and thus had an opportunity to observe its condition, and it was not shown by him or by any other person that it exhibited a condition of decay or weakness. In the light of this evidence the law as stated in Walden v. Finch, 70 Pa. 460; Joyce v. Black, 226 Pa. 408; McKenna v. Paper Co., 176 Pa. 306; Moran v. General Fire E. Co., 259 Pa. 168; and kindred cases is applicable. Notwithstanding the fact of the injury the owner is not responsible without evidence that such injury was the result of his negligence. Nothing in the general character or position of the structure suggested that it was unsafe; time and use had shown the contrary, and the work having been done by an experienced and competent

builder with suitable material, neither the owner of the property at the time the structure was put up nor the subsequent owner is chargeable with the consequence of a defect of which he had no notice nor the existence of which he had reason to suspect. It may be as the evidence perhaps suggests that the fall of the structure was caused by the placing of an excessive weight of merchandise on the projecting cornice which to some extent projected over the cornice, but for that the owner is not responsible. He was not in possession of the property and the manner of the use of it was not under his control. The plaintiff wholly failed to show that the shelves were not put up in a reasonably safe manner as such work was usually done by competent builders, and likewise failed to show that anything in its appearance ought to have moved the owner to a critical examination of its condition. It was replaced after the accident without being taken apart and restored to its former use, and no one suggested in the testimony that there was any other defect than that it was not sufficiently secured to the wall. As this was not a visible defect, if it existed notice must be brought home to the defendant to charge him with the responsibility of a failure to adequately secure it.

The learned judge of the court below has given convincing reasons for his action in entering the judgment appealed from and we concur therein.

The judgment is affirmed.