## Patrick Moore, Appellant, *v.* Pennsylvania R. R. Co.

*Negligence—Railroads—Master and servant—Risk of employment.*

Plaintiff while employed by a railroad company in taking up and removing the flooring of trestles, had to pass to and fro over the partially dismantled structure. In making one of the trips he stepped upon a timber, apparently solid and fixed, but in reality insecure, which tilted up, threw him to the ground and injured him. There was no evidence to show that the company knew of, or in the exercise of reasonable care could have dis-

covered, the insecurity of the timber. *Held*, that the injury was one of the risks of plaintiff's employment, and that he could not recover damages from the company.

Argued April 5, 1895   Appeal, No. 97, Jan. T., 1895, by plaintiff, from order of C. P. No. 3, Phila. Co., March T., 1893, No. 342, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Trespass for personal injuries.   Before FINLETTER, P. J.

At the trial it appeared that plaintiff was employed by defendant in dismantling its elevated structures or trestle-work at Seventeenth and Market streets, in Philadelphia, preparatory to the extension of the company's station.   On the morning of Nov. 26, 1892, plaintiff worked at taking plates off the rails, and then was ordered to assist in carrying iron rails from the outer or Market street side of the trestle to the inner or central portion of the structure and deposit them there.   In order to carry the iron rails to the place where they were being piled, it was necessary for the plaintiff to hold his end of a grabber clasped to a rail, and step from joist to joist across a space from which the flooring had been removed.   On returning from one of these trips, shortly after he began to carry rails, he stepped upon a timber apparently solid and fixed, but, in reality, insecure, which tilted up and threw him to the ground beneath, a distance of about twenty-five feet, inflicting upon him permanent external and internal injuries.   There was no evidence to show that the company knew, or in the exercise of reasonable care, could have discovered the insecurity of the timber.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Charles B. McMichael*, for appellant, cited : P. & R. R. v. Hughes, 119 Pa. 301; Mensch v. P. R. R., 150 Pa. 598 ; Mixter v. Coal Co., 152 Pa. 395 ; Rummell v. Dilworth, 111 Pa. 343 ; Kehler v. Schwenk, 151 Pa. 505 ; Bannon v. Lutz, 158 Pa. 166 ; 2 Cooley on Torts, 655 ; Sherman and Redfield on Negligence, 4th ed. 186 ; 2 Wharton on Negligence, sec. 206 ; Paulmier v. R. R., 34 N. J. L. 151 ; Connolly v. Poillon, 41 Barb. 366 ; Spelman v. Iron Co., 56 Barb. 151 ; Porter v. R.

R., 60 Mo. 160; Bier v. Mfg. Co., 130 Pa. 446; R. R. v. Horst, 110 Pa. 226; Payne v. Reese, 100 Pa. 301; Wagner v. Chemical Co., 147 Pa. 475; Lebbering v. Struthers, 157 Pa. 312; R. R. v. Coon, 111 Pa. 430; Lee v. Woolsey, 109 Pa. 124.

*George Tucker Bispham,* for appellee, cited: Mixter v. Imperial Coal Co., 152 Pa. 395; Philadelphia & Reading R. R. v. Hughes, 119 Pa. 312; Mensch v. Penna. R. R., 150 Pa. 598; Walton v. Bryn Mawr Hotel Co., 160 Pa. 3.

Per Curiam, April 22, 1895:

The only error assigned in this case is the refusal of the court to take off the judgment of nonsuit.

A careful examination of the testimony fails to disclose any fact or circumstance that would have warranted the jury in finding that the unfortunate accident which befell the plaintiff was attributable in any degree to negligence of the defendant company. It does not appear that it knew, or, in the exercise of reasonable care, should have discovered the insecurity of the "timber, apparently solid and fixed but in reality insecure," upon which plaintiff stepped and was thrown "to the ground beneath, a distance of twenty or twenty-five feet." In brief, there is not a *scintilla* of evidence tending to show that plaintiff's serious injury was the result of any negligence of the defendant company or its agents. On the contrary, it is quite clear that it was due solely to risk incident to the work in which plaintiff and his colaborers were engaged, viz: in dismantling the company's elevated structures or trestlework at Seventeenth and Filbert streets, preparatory to the extension of its depot. This work involved the taking up of the flooring on the trestles, the removal of the plates by which the rails were secured, and the taking up of the rails themselves. In thus demolishing the structure and removing the material, it was necessary for the men engaged therein to pass to and fro over the partially dismantled structure. The risk of such an employment must have been obvious to any one. It was an ordinary and apparent risk necessarily incident to the employment.

There was therefore no error in refusing to take off the judgment of nonsuit.

Judgment affirmed.