## Lentz *v.* Allentown Bobbin Works, Appellant.

*Appeals—Judgment on verdict for plaintiff—Evidence—Inferences.*

1. On an appeal from a judgment on a verdict for plaintiff, the appellate court must assume the truth of plaintiff's evidence, and all inferences deducible therefrom.

*Negligence—Defective roof-board—Latent defect—Inspection—Useless or vain thing.*

2. In an action for personal injuries by a roofer against the owner of a building which he had contracted to re-roof, the plaintiff is not entitled to recover, where it appears that he fell by reason of the breaking of an old roof-board when the old roof was being renewed, that the roof-board in question was rotten, but that this defect was not known to defendant, and could not have been discovered by any superficial examination.

3. An owner of a building is not liable for injuries to a servant, or to a person lawfully upon his premises, by reason of latent

defects of which he was ignorant, and which could not have been discovered in the exercise of reasonable care and diligence.

4. No one is required to do a vain thing or to make a useless inspection.

Mr. Justice KEPHART dissented.

Argued December 1, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 22, Jan. T., 1928, by defendant, from judgment of C. P. Lehigh Co., April T., 1927, No. 61, on verdict for plaintiff, in case of J. Howard Lentz v. Allentown Bobbin Works. Reversed.

Trespass for personal injuries. Before RENO, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,516.88. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*J. H. Diefenderfer,* with him *Aubrey, Steckel & Senger,* for appellant, cited: Searles v. Boorse, 264 Pa. 454; Nuss v. Rafsnyder, 178 Pa. 397; Hanley v. Steel Co., 256 Pa. 44.

*Fred B. Gernerd,* for appellee, cited: Newingham v. Blair Co., 232 Pa. 511; Finnerty v. Burnham, 205 Pa. 305; Searles v. Boorse, 264 Pa. 454; Swartz v. Bergendahl-Knight Co., 259 Pa. 421, 427; Case v. C. & N. Co., 248 Pa. 598; Gilbert v. Tanning Co., 221 Pa. 176; Lininger v. Air Brake Co., 210 Pa. 62; Lillie v. Foundry Co., 209 Pa. 161; Leonard v. Cement Co., 49 Pa. Superior Ct. 535; Killmeyer v. Wheel Co., 243 Pa. 110; Collins v. Ry., 244 Pa. 210; Wilkinson v. Evans, 34 Pa. Superior Ct. 472; Foster v. Steel Co., 216 Pa. 279.

OPINION BY MR. JUSTICE WALLING, January 3, 1928:

Plaintiff brought this suit on account of injuries he sustained in a fall from defendant's building, while working thereon. He recovered a verdict upon which judgment was entered; therefrom defendant appealed.

The judgment cannot be sustained. In support thereof, however, we must assume the truth of plaintiff's evidence and all inferences fairly deducible therefrom. So doing, it appears that, on September 16, 1924, plaintiff entered into a written contract to put rubberoid roofing on defendant's two-story brick factory building at Allentown, for an agreed price, and at the same time entered into a verbal contract to re-spout the building at seventy-five cents an hour and cost of material. The written contract is silent as to who was to remove the old covering, consisting of tar paper, gravel and pitch; but, as a matter of fact, it was removed by defendant's employees, when and as requested by plaintiff. The roof was practically level and consisted of rafters upon which rested inch boards that supported the covering. It was a large building, the roof containing over ten thousand square feet, and the eaves on the east side extending out about eighteen inches from the wall. On September 24, 1924, plaintiff, who was on the roof near the southeast corner of the building, taking measurement for the spouting, leaned over, placing his weight on his left hand, near the eaves, when a roof board broke and he fell some thirty feet to the ground, sustaining serious and permanent injuries. The break disclosed that the board was rotten, a fact not previously known to plaintiff or defendant, and, so far as appears, not discoverable by any superficial examination. Plaintiff had not discovered it, although he and his helpers had previously removed the tin flashing along this edge of the roof. He testified the condition of the roof boards could not be discovered until the removal of the old covering, which had not been done on this part of the building. From the

second floor near the other end of the building a few
white spots could be seen on the under side of the roof
boards, indicating that they had been wet, but no rot was
visible anywhere until the removal of the old covering,
and there was not even a white spot on the end of the
roof where plaintiff fell. It was therefore, to every intent
and purpose, a latent defect, and for an injury suffered
thereby neither a master is liable to his servant, nor the
owner to those lawfully upon his premises. See Travers
v. Delaware Co., 280 Pa. 335, 339; Desibia v. Mononga-
hela Ry. Co., 262 Pa. 227; Moran v. General Fire E. Co.,
259 Pa. 168; Sheets v. Sunbury, etc., Ry., 237 Pa. 153;
Childs v. Crawford Co., 176 Pa. 139; Moore v. P. R. R.
Co., 167 Pa. 495. "A master is not liable for injuries re-
sulting to a servant by reason of latent defects of which
he was ignorant and which could not be discovered in
the exercise of reasonable care and diligence": 39 C. J.
435. The master is not liable where a servant is injured
by an implement because of a defect therein not known
or discoverable before the accident: McAvoy v. Woolen
Co., 140 Pa. 1. There is no suggestion of a structural
defect or that the board in question was unsound when
placed in the building, which had been there but sixteen
years, certainly not an old building. The record dis-
closes neither custom of, nor opportunity for, testing
roof boards in such case, prior to the removal of the
old covering.

But the fact that defendant had not inspected the
roof is urged. No one is required to do a vain thing
or to make a useless inspection. "The rule is well
settled that actionable negligence cannot be predicated
on the mere failure of the master to inspect where
an inspection would have disclosed no defects or dan-
gers, other than those which are already fully known
and appreciated by the servant": 39 C. J. 416; see also
Phila. Ritz Carlton Co. v. Phila., 282 Pa. 301. Admit-
tedly the only practical method of determining the con-
dition of the roof boards was the removal of the old cov-

ering and that was being done as fast as plaintiff requested, and the defective boards replaced as soon as discovered. The mere breaking of the board did not prove negligence (Kehres v. Stuempfle et al., 288 Pa. 534; Direnzo v. Pittsburgh B. & I. W., 265 Pa. 561), and beyond that nothing was shown, except the condition of the board disclosed by the break. To hold the employer or property owner liable under such circumstances would place upon him an unreasonable burden which the law does not do. He is only required to use ordinary care to protect those lawfully upon his premises: Newingham v. J. C. Blair Co., 232 Pa. 511; 29 Cyc. 483. This degree of care does not place upon the property owner the practically impossible task of testing every roof board before removal of the old covering to make way for the new.

As plaintiff, an experienced roofer, was present when the rotten places in the roof boards at the other end of the building were uncovered, it was not necessary to warn him of the condition thereby indicated. But the case fails for lack of evidence of defendant's negligence, and it is unnecessary to consider the question of assumption of risk, or whether, under the facts of this case, the rule, exempting the employer from the duty of providing a safe place in which to work in case of removing or restoring a partially destroyed or otherwise unsafe building, applies.

The judgment is reversed and is here entered for the defendant non obstante veredicto.

Mr. Justice KEPHART dissented.