Bechtel, Appellant, *v.* Franklin Trust Company.

Argued October 29, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Abraham L. Freedman,* with him *Thomas C. Egan* and *Wolf, Block, Schorr & Solis-Cohen,* for appellant.

*Raymond A. White, Jr.,* for appellee,

OPINION BY JAMES, J., January 31, 1936:
Plaintiff appeals from judgment non obstante vere-

dicto for defendant granted by the court below after a verdict was returned in her favor in an action of trespass for personal injuries suffered on the premises of the defendant.

As a tenant of the Franklin Building Corporation, the Franklin Trust Company was in exclusive possession of the basement and first floor of the premises at the southwest corner of 15th and Chestnut Streets, Philadelphia, Pa. Plaintiff was a customer of the Franklin Trust Company and the lessee of a safe deposit box in its vault. On September 4, 1931, she visited the bank, entered the vault, was given her box and then escorted to a booth, about six feet square, in the vault known as Room C, by an attendant of the defendant. The attendant closed the door without any unusual jar and shortly thereafter, a large portion of the plaster from the ceiling fell upon her and caused the injuries complained of. Plaintiff called Edgar Baker, a vault attendant, who testified that he visited the vault room many times a day but paid no particular attention to the ceiling except to see whether it was dirty and never noticed anything wrong with the plaster. John D. Lawton, Jr., superintendent of the building during the year 1931, testified that he made inspections of the ceiling in Room C and never saw any defects nor were there any defects, although in other portions of the main vault room, repairs had been made to a portion of the ceiling where it showed signs of cracking or peeling off. John L. Connor, a plaster contractor of many years experience, testified that if the ceiling was properly constructed, it would not fall without a jar of some kind; that plaster would fall if not properly put on, or was put on when it was frozen or not properly scratched, or there was too much sand in the plaster; but the defect could not be discovered except by taking the plaster down and examining it. Called by the defendant, the representative of the contractor who did the

plastering and metal lathing, testified that the condition of the plaster in the vault room when completed was first class.

Under the facts of this case, we cannot apply the doctrine of res ipsa loquitur, although the appellate courts of some of our sister states have applied it in similar cases; nor do the facts warrant us in holding the rule applicable to be the duty assumed by owners of public exhibitions or entertainments to which the public resort in large numbers, such as a theater, circus, ballgame or park: Durning v. Hyman, 286 Pa. 376, 133 A. 568; Hardy v. Phila. Nat. League Club, 99 Pa. Superior Ct. 326; Sellmer v. Ringling, 62 Pa. Superior Ct. 410; Sheets v. Electric Rwy. Co., 237 Pa. 153, 85 A. 92. "Excepting where contractual relations exist between the parties, as in the case of carriers of passengers and some others, negligence will not be presumed from the mere happening of the accident and a consequent injury, but the plaintiff must show either actual negligence or conditions which are so obviously dangerous as to admit of no inference other than that of negligence. The burden which is thus thrown upon the defendant is not that of satisfactorily accounting for the accident, but merely that of showing that he used due care": Stearns v. Spinning Co., 184 Pa. 519, 523, 39 A. 292.

The rule is that the owner or occupant of premises who induces others to come upon it by invitation, express or implied, owes to them the duty of using reasonable or ordinary care to keep the premises in a safe and suitable condition so that they will not be unnecessarily or unreasonably exposed to danger: Robb v. Niles-Bement-Pond Co., 269 Pa. 298, 112 A. 459; Chapman v. Clothier, 274 Pa. 394, 118 A. 356, and in applying this doctrine we have held in many cases arising in stores and business places, principally caused by defective passageways or steps, that negligence must be

established. In the case of Smith v. Hartman, 79 Pa. Superior Ct. 126, in an action against the owner for injuries caused by falling shelves in a store, it was held that the occurrence of the accident did not create a presumption of negligence, but the plaintiff was required to prove the owner had knowledge of the insecurity of the shelving or its condition was such he ought to have known it was unsafe for the purpose.

Plaintiff alleged in her statement the injuries suffered by her were the direct result of the carelessness and negligence of the defendant in that defendant failed to maintain and keep the said ceiling in good order and safe condition and repair; permitting the said ceiling to become and remain in a defective and dangerous condition, failing to make regular and proper inspections of said ceiling; permitting plaintiff and others to use said room in its dangerous and unsafe condition, failing to give plaintiff and others lawfully using said premises, notice or warning of the dangerous and unsafe condition of said ceiling and that defendant knew or should have known of the defective, unsafe and dangerous condition of the ceiling for a long time prior to September 4, 1931. Under plaintiff's testimony, the proof established that inspections were made by employees of the defendant, the ceiling showing no evidence of any defect, and that whatever defect existed could not be discovered except by taking down the plaster. The building was not erected by the present defendant, who was merely the tenant, and if there was any latent defect in the manner in which the plaster had been placed upon the ceiling, it was not chargeable to the present defendant. Plaintiff proved that inspections were made and the defect could not have been discovered except by taking down the plaster, and not only did she fail to establish the averments of the statement, but affirmatively proved that the defendant had exercised reasonable care. The duty of the owner, under

such circumstances, is to protect the invitee as to dangers which are seen, known and discoverable. Plaintiff, having affirmatively established that defendant had exercised due care, was not entitled to recover.

Appellant ably argues that the rule of law applicable to the present facts is "when the thing which causes the injury is shown to be under the management of the defendants and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care": Shafer v. Lacock, Hawthorn & Co., 168 Pa. 497, 504, 32 A. 44; Maltz v. Carter, 311 Pa. 550, 166 A. 852. Upon an examination of many cases in our courts where this rule has been adopted, we fail to find any case where it has been applied in an action for injuries suffered by an invitee as a result of the condition of the premises. Assuming, but not deciding, that the rule is applicable under the present facts, by her own testimony, plaintiff has fully explained that the accident was not the result of want of care by the defendant.

Judgment affirmed.