H. E. PETERSON, Appellee, v. DE LUXE CAB COMPANY et al., Appellants.

No. 44462.

OCTOBER 18, 1938.

Gilmore, Moon & Bannister, for appellee.

Jones & White, and Putnam, Putnam, Fillmore & Putnam, for appellants.

MITCHELL, J.—The De Luxe Cab Company was the owner and operator of a certain Pontiac motor car which was used as a taxicab and driven by Harold Smith.

Main Street in the city of Ottumwa runs east and west, and Green Street intersects it, running north and south. The taxicab stand was located just north of Main, on the east side of Green Street.

On the 12th day of September, 1936, at about the hour of five, H. E. Peterson left his place of business at 211 East Main Street, and, observing that it was raining, decided to engage a taxicab to take him home. He walked to the corner of Main and Market, then turned and walked east along the north side of Main Street, intending to go to the cab stand of the De Luxe Cab Company, situated at the corner of Green and Main. When he reached Green Street he crossed the street on the north side of Main. He saw a cab about twenty or thirty feet north of Main, on Green Street, parked about a foot or a foot and a half away from the sidewalk, headed north. As Peterson was crossing he saw the driver come from the cab stand and get into the car. Peterson walked along the sidewalk towards the cab, and, as he approached the cab he stooped to get the driver's attention. It was raining at the time and the car windows were partly steamed. As Peterson stooped he saw the driver in the seat and greeted him with the words, "Hello, Bill!" The front door of the right side of the cab opened and the door came in contact with Peterson's glasses, breaking them and striking his eye. As a result of this accident he lost the sight of his eye. The undisputed record shows that Peterson did not touch the door knob or have his hand on the door. Peterson commenced this lawsuit against the taxicab company, asking for damages in the amount of $25,000. The case was submitted to a jury, which returned a verdict in the sum of $1,900.70. The taxicab company being dissatisfied, has appealed.

I. It is claimed that the court erred in not sustaining the appellants' motion for a directed verdict.

Appellants offered no evidence. The case was submitted to the jury on the doctrine of res ipsa loquitur, and, whether that doctrine applies is the main question argued.

In their very able brief and argument appellants state:

"The doctrine of res ipsa loquitur does not apply except where the circumstances attending the injury are of such a character that the accident complained of could not well have happened in the ordinary course of events without the defendants' negligence and the instrumentalities of the injury were within the exclusive control of the defendants; * * *."

We think the appellants have correctly stated the law.

This court, in the very recent case of Harvey v. Borg, 218 Iowa 1228, at page 1230, 257 N. W. 190, at page 192, speaking through Justice Stevens, said:

"At the outset, we are confronted with the question as to whether the res ipsa loquitur rule may properly be applied to the facts of this case. Res ipsa loquitur has been defined and also applied in divers cases and to a great variety of facts in perhaps all of the states of the Union. It means simply that the facts speak for themselves. To undertake to define its limitations would lead only to confusion and uncertainty. The rule is applied generally when all the instrumentalities which might cause an injury are under the exclusive control and management of the defendant. Larrabee v. D. M. T. & A. Co., 189 Iowa 319, 178 N. W. 373; Orr v. D. M. Elec. Light Co., 207 Iowa 1149, 222 N. W. 560; Crozier v. Hawkeye Stages, 209 Iowa 313, 228 N. W. 320; Brown v. Des Moines Steam Bottling Works, 174 Iowa 715, 156 N. W. 829, 1 A. L. R. 835.

"In other words, res ipsa loquitur means that facts of a particular occurrence warrant an inference of negligence; that is, that they furnish circumstantial evidence of negligence when direct evidence may be lacking. It is, therefore, a rule of evidence and is generally so interpreted."

In the case of Orr v. Des Moines Electric Co., 207 Iowa 1149, at page 1154, 222 N. W. 560, at page 562, this court said:

"When a thing which causes injury is shown to be under

the management of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care."

With these rules in mind, let us examine the facts in this case.

The instrumentality causing the accident was the right hand front door of one of the cabs of the appellant company. The evidence is undisputed that the corner of the door came in contact with Peterson's glasses, breaking same and destroying his eye. The record shows that Peterson did not open the door, did not put his hand on the knob at any time. What caused the door to open is not shown; whether it was unlatched from the inside and swung open, or unlatched from the inside and pushed open, or whether the door catch was not working properly and the door was ajar and swung open, the manner in which the door opened was exclusively within the control of the man inside the cab, the appellant company's agent. The opening of the door could not have been controlled by appellee any more than a direct blow inflicted by one man upon another can be controlled by the man assaulted. Appellant had absolute control of the instrumentality. The accident was such as in the ordinary course of things does not happen. In this modern day, with automobiles and taxicabs so common, the opening of a car door does not happen unless there is some reason for it. In everyday use young children will lean against car doors and there is no thought in the minds of their watchful parents that there is any danger of the door opening. Automobile doors are so fastened that it is the extraordinary thing when one opens without some apparent reason. So in this case we have the instrumentality under the exclusive control of the appellant company. We have a happening out of the ordinary course of things; something that does not generally happen. This, we say, affords reasonable evidence in the absence of explanation by appellants, that the accident arose from a want of care. In this case we have no explanation, no claimed explanation, no offered explanation, of what happened, or why the door swung open. This, then, clearly, was a case where the doctrine of res ipsa loquitur applied, and the court

did not err on this ground in overruling the motion of appellants.

■ II. The appellants complain that the petition set forth a specific allegation of negligence, and that therefore appellee cannot rely upon the doctrine of res ipsa loquitur.

We turn to the pleadings to ascertain the facts.

The allegation is as follows:

"The defendants were negligent in failing to exercise ordinary care, and further in failing to exercise the degree of care required of carriers for the safety of their passengers in the operation and control of said taxicab and of the door thereof."

In the very recent case of Van Heukelom v. Black Hawk Hotels Corporation, reported in 222 Iowa 1033, 270 N. W. 16, the pleader in that case was relying upon res ipsa loquitur to prove negligence on the part of the hotel management, causing the death of plaintiff's intestate as a result of falling down an elevator shaft. He alleged that: "the falling of the plaintiff's decedent into said elevator shaft and his death were the direct and proximate result of negligent operation and maintenance of said hotel premises and the stairways, stairway landings and elevator shaft and openings thereto." This court, speaking through Justice Kintzinger, said, at page 1044 of 222 Iowa, at page 23 of 270 N. W.:

"In the case at bar no specific act of negligence is alleged; on the contrary, the negligence of the defendant is pleaded generally and the doctrine of res ipsa loquitur is invoked thereunder."

Certainly, that holding must apply to the pleadings in the case at bar. The pleadings are almost identical. The only difference is that in the Van Heukelom case the term "maintenance" was used, while in the case at bar the term "control" is used. There are many Iowa cases on res ipsa loquitur where the term "control" is used, in saying that res ipsa loquitur applies when the instrumentality causing the injury is under the exclusive control of defendant. If the defendant is negligent in the circumstances he is negligent in the control of the instrumentality causing the injury. The word "control" is used in the same broad sense that it is always used in res ipsa loquitur cases.

In the case of Olson v. Cushman, 224 Iowa 974, at page 982, 276 N. W. 777, at page 781, this court said:

"However, appellee did not allege any specific negligence and relied wholly upon the allegations of general negligence, and under such a situation the doctrine of res ipsa loquitur does apply.

"To prove this beyond any question, that appellee relied upon general allegations of negligence, we find this contained in plaintiff's petition: 'Plaintiff is unable to set forth any specific acts of negligence on the part of the defendant which caused him to drive said bus from the highway into the ditch, and plaintiff relies in this action upon his allegation of general negligence and carelessness under the rule of res ipsa loquitur.' "

And so also in the case at bar, the appellee alleges that: "the manner in which said taxicab and the door thereof was managed, operated and/or controlled by the defendant, De Luxe Cab Company, and its agent, Harold Smith, was exclusively within the knowledge of the said defendants and beyond the knowledge of the plaintiff, and the plaintiff had no means of acquiring knowledge thereof."

We do not think that anyone can fairly read the petition without coming to the conclusion that appellee relied upon general allegations of negligence; that he states in his petition he is unable to allege or set forth any specific acts of negligence on the part of appellants, and that the pleading is not subject to the attack made.

There are some other errors alleged, all of which have been given careful consideration.

Finding no error, it necessarily follows that the judgment and decree of the lower court must be, and it is hereby, affirmed. —Affirmed.

ANDERSON, HAMILTON, STIGER, and MILLER, JJ., concur.

SAGER, C. J., and RICHARDS, J., dissent.