Dickey, Appellant, *v.* Boggs & Buhl, Inc., et al.

Argued October 5, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

454

*Wallace M. Parker,* for appellant.

*E. O. Golden,* with him *Kountz & Fry,* for appellee.

OPINION BY MR. JUSTICE PARKER, November 23, 1942:

The appellant brought this action in trespass against the two defendants for personal injuries. On trial and at the conclusion of her proofs, she took a voluntary non-suit as to the Bell Telephone Company and the trial court entered a compulsory nonsuit as to Boggs & Buhl. She complains of the refusal of her motion to take off the compulsory nonsuit. We find no error.

The plaintiff was in the store of Boggs & Buhl when she had occasion to use the facilities of the utility. A clerk directed her to the telephone. The instrument was located on a table at the rear of a recess between a stair-case and an angle in the wall of the room. The space was well lighted and bore no resemblance to the usual tele-phone booth.

Plaintiff was the only witness called and her testi-mony was meager. She testified that she "watched where I [she] was going", that she approached the telephone and that she got a telephone number from a telephone book which was on the table, but that she did not use the tele-phone and started away. We here quote from the record: "When I came out I took about—I guess four steps; I just got to the corner of the steps when I fell. I went down with a jerk. . . . The telephone wire was around my right foot. . . . After I got up I seen the wire, the

telephone wire lying there. . . . As far as I can tell it was like the color of the carpet, a dark green." She stated that when she was approaching she did not notice anything unusual or observe the telephone cord. There was no testimony as to the construction of the telephone or the location or position of the wires leading from the base of the instrument to the wall or from the ear instrument to the base. A photograph offered in evidence shows the usual construction and installation. We have no information as to how she got her foot in the wire or what happened to the instrument when she jerked the wire. In short, she utterly failed "so to describe, picture, or visualize what actually happened at the time of the accident as to enable one fixed with responsibility for ascertaining the facts to find that defendant was guilty of negligence; therefore the nonsuit was properly entered": *Fisher v. Amsterdam,* 290 Pa. 1, 3, 137 A. 797; *Mack v. U. S. Gypsum Co.,* 288 Pa. 9, 11, 135 A. 623.

The weakness in plaintiff's case was that she proved an accident but failed to sustain the burden resting on her to show negligence. In her argument she attempted to overcome this defect by relying on the general rule that where the thing which caused the injury is shown to be under the management of the defendant, and such an accident does not happen in the ordinary course of things if proper care is used, it forms the basis for an inference of negligence. In that connection she cites *Morgan v. Peters,* 148 Pa. Superior Ct. 88, 24 A. 2d 644. Obviously this case is not within the principle stated.

As we said in *Norris v. Phila. Electric Co.,* 334 Pa. 161, 163, 5 A. 2d 114: "The doctrine is not available to a plaintiff who is in a better position to produce evidence than the defendant."

Appellant also assigned as error the refusal to receive in evidence a letter from an alleged agent of Boggs & Buhl which it is claimed contained an admission of negligence. While this assignment is not covered by the statement of the question involved, we have examined it

with care and are convinced that the letter cannot be construed as an admission by the company of negligence, and was therefore properly excluded.

Judgment affirmed.