Plaintiffs appeal from a judgment in favor of the defendant, entered in the Hudson County District Court, Part VI, after trial before the judge sitting without a jury.
The defendant was a lessee of premises in Hoboken, New Jersey, and conducted a bakery shop therein. Plaintiff Dorothy Daddetto entered the bakery shop of defendant and made a purchase of merchandise. As she was leaving the store, she stepped on the platform leading from the door to the side-walk; a board collapsed and she fell through the floor, causing her injury. Plaintiff testified that after her fall she noticed that the wood underneath the floor appeared to be rotted. Defendant testified that the surface of the platform was in good condition; that prior to this accident he had no knowledge or notice that the beam underneath was rotted; and that he learned of the rotted condition of the beam for the first time after this accident.
The judge below found as a fact that the plaintiff failed to show that the defendant was guilty of any want of reasonable care in the keeping of his store; that the defendant had no knowledge of the defect and no notice thereof; and that a reasonable inspection by the defendant would not disclose the condition under the floor. *Page 481 
The law is fully settled in this State that a proprietor of a store is not an insurer, but is merely liable (1) for defects of which he knows, or (2) defects which have existed for so long a time that, by the exercise of reasonable care, he had both an opportunity to discover and to remedy. Thompson v. Giant TigerCorp., 118 N.J.L. 10 (E. A. 1937); Restatement, Torts,N.J. Annot., § 343 (1940).
The plaintiffs contend that the court below was obliged to find that the defendant had constructive notice of the defect. The argument advanced is that the beam was rotted; that this condition necessarily is the result of a slow and gradual process; and that this alone is proof of constructive notice to the defendant, citing cases such as Stark v. Great Atlantic Pacific Tea Co., 102 N.J.L. 694 (E. A. 1926). There is no merit in this contention. The cases cited by plaintiff deal with defective conditions which reasonable inspection might disclose (Cf. Trondle v. Ward, 129 N.J.L. 179 (E. A. 1942)), and, further, they hold that in such cases a jury question is presented as to whether, from the facts, condition and state of disrepair, the condition had existed for such space of time prior to the happening complained of as to charge defendant with notice of such condition and afford him a reasonable opportunity to make repairs.
The judgment under appeal is affirmed.