GEORGE H. JOHNSON et al., appellees, v. LYNN F. JOHNSON, appellant.

No. 48433.

(Reported in 65 N.W.2d 157)

JUNE 15, 1954.

REHEARING DENIED SEPTEMBER 24, 1954.

Johnson, Sar & Williams, of Red Oak, and Keenan & Clovis, of Shenandoah, for appellant.

Ross, Johnson, Northrop & Stuart and Paul Sulhoff, all of Council Bluffs, for appellees.

WENNERSTRUM, J.—The plaintiffs, owners of a building and stock of merchandise in Essex, Iowa, brought an action for damages against the defendant. It was claimed a tractor with bulldozer attachment which had been left unattended became engaged in gear and ran through the rear wall of plaintiffs' building thereby damaging it and a certain amount of merchandise and furniture and fixtures. The action was pleaded in two counts. In Count I specific negligence was alleged in leaving the tractor unattended with its motor running. Count II is based upon the theory of res ipsa loquitur. The defendant denied any negligence and also pleaded the doctrine of res ipsa loquitur was not applicable. In a subsequent amendment to the answer the defendant alleged the plaintiffs had no present interest in the cause of action. The plaintiffs in their reply denied the allegations of this amendment and alleged they were and are the owners of the property involved. There was a verdict and judgment for the plaintiffs. Thereafter a motion for new trial was filed by the defendant. It was overruled and the defendant has appealed.

On Sunday afternoon of December 16, 1951, a tractor owned by the defendant was located on a level vacant lot north of the alley and to the rear of a store building owned by the plaintiffs. The defendant had started the tractor for the pur-

pose of warming the antifreeze mixture then in the radiator. After testing the mixture the defendant decided more antifreeze should be added and left the machine unattended and running and drove several blocks to his home to obtain additional fluid. He was gone about ten minutes. During the time he was away the machine had crossed the alley, traveled between 55 and 75 feet and had crashed through the back end of the plaintiffs' building. A portion of the machine had gone through the floor. It is defendant's claim that when he left the machine it was out of gear and the clutch disengaged. He maintains it takes at least ten pounds of pressure on the gearshift lever to throw it in gear. It was also maintained the tractor could not move until the clutch was engaged and that it required between 50 and 60 pounds of pressure on the gearshift lever to engage the clutch. The defendant maintains he had no information as to the manner in which the gear and the clutch became engaged.

During the course of the cross-examination of both of the plaintiffs, defendant's counsel sought to cross-examine them relative to their interest in the case. This cross-examination was objected to on the grounds it was not proper cross-examination and incompetent. Thereafter the defendant made an offer to prove that neither of the parties had any interest in the lawsuit then on trial. This was objected to and the court sustained the objection to the proffer. There was also an offer of testimony to show that prior to the commencement of this action plaintiffs or one of them "* * * had been paid the full amount of his loss and had assigned any claim he might have against the defendant to a third party * * *." The court held the question of subrogation was not a proper matter for the consideration of the jury and that it had nothing whatsoever to do with that proposition in determining the liability of the defendant. Other circumstances which arose during the trial and which were referred to in a motion for new trial and are now noted as grounds for reversal will be hereinafter commented upon as necessity may require.

I. We are initially concerned with the proposition whether the trial court committed error in sustaining plaintiffs' objections to questions propounded on cross-examination to both of them and on direct examination of one of them whether

or not someone had paid them money and further whether they had any interest in the pending action. This question arises by reason of the contention on behalf of the defendant that this cause was not brought in the name of the real party in interest. Rule 2, R. C. P., in part provides: "Every action must be prosecuted in the name of the real party in interest." Prior to the adoption of the portion of the rule just quoted there was a statutory provision to the same effect. Section 10967, 1939 Code.

We hold that the defendant's counsel was justified in seeking to interrogate both of the plaintiffs on cross-examination and one of them on direct examination when called as a witness for the defendant whether money had been paid them and whether they had any present interest in the pending action.

It should be kept in mind that the defendant in an amendment to his answer pleaded "That defendant is informed and believes * * * that the plaintiffs have no present interest in said cause of action and are not the real parties in interest." In a reply to this amendment the plaintiffs pleaded "* * * that they are and were at all times in question the owners of the property that was damaged, out of which this cause of action grew." It will be observed that the plaintiffs made an evasive reply to the defendant's statement that they had no present interest in the cause of action. It would thus appear that there was an issue in the case whether the plaintiffs did have such an interest. The amount and the extent of the payments made to them were material as bearing on the question whether they were the real parties in interest.

We hold the sustaining of the objections to the cross-examination was error and the sustaining of the objection to a question asked in the examination of one of the plaintiffs who was called as a witness for the defendant was improper. We have given consideration to the Iowa authorities cited by plaintiffs. We do not consider them applicable under the pleadings and the situation here present.

■ II. The defendant assigns as a claimed error the fact that the court was critical of his counsel in the presence of the jury when ruling upon the issues commented upon in Division I.

It is apparent his counsel on several occasions presented the issue relative to the real party in interest and concerning which the court had previously ruled. Inasmuch as he had made his record once it was unnecessary for him to repeatedly present the same issue. To do so would not increase the error, if any. If counsel believes the court has committed an error in a ruling made he has the right to appeal if a judgment is entered against his client. There is no occasion for counsel to feel there is a personal issue between the court and himself.

It is equally true a trial court should make its rulings dispassionately and without evidence of rancor regardless of the seeming provocation. Pickerell v. Griffith, 238 Iowa 1151, 1165, 29 N.W.2d 588. However, in the light of counsel's efforts to present matters that had previously been ruled on we have concluded the comments were not prejudicial. A trial court must control the course of a trial.

III. We do not approve of the trial court's ruling in allowing one of the plaintiffs to testify over objections relative to the amount he had paid for a new stove to replace the one destroyed. In the instant case one of the plaintiffs had testified the stove was worth $90. On cross-examination defendant's counsel had interrogated the witness relative to this valuation and on redirect examination he was asked what he had paid for a new stove and stated the amount he had paid for it. The amount mentioned was higher than the valuation placed on the old one. Upon retrial this error in ruling will undoubtedly be avoided. See Smith v. Pine, 234 Iowa 256, 262, 12 N.W.2d 236; Kohl v. Arp, 236 Iowa 31, 33, 17 N.W.2d 824, 169 A. L. R. 1067. We would probably not reverse for this error alone but in the light of our reversal on this appeal this error should be avoided on a retrial.

IV. The defendant asserts the court committed a further error in sustaining plaintiffs' objections to questions asked certain of the defendant's witnesses as to the usual custom and practice of bulldozer operators adding antifreeze and in starting the motor of a tractor and then leaving it unattended. There is no showing in the record of any offer to prove what the testimony of these witnesses would have been and consequently no

foundation was laid for this assignment of error. Hayes v. Chicago, R. I. & P. Ry. Co., 239 Iowa 149, 152, 30 N.W.2d 743; Kuiken v. Garrett, 243 Iowa 785, 803, 51 N.W.2d 149, 160.

■■ It might be stated, however, evidence of custom or common usage of a business or occupation is generally admissible on the question of negligence, although it is not a conclusive test. Iverson v. Vint, 243 Iowa 949, 951, 54 N.W.2d 494, 495; Wood v. Tri-States Theater Corp., 237 Iowa 799, 807, 23 N.W.2d 843, and cases cited. It has been held that where the act is clearly careless or dangerous evidence of custom and common usage is ordinarily not admissible. Iverson v. Vint, supra, and authorities cited.

■ V. It is further claimed the trial court erred in submitting Count I to the jury. In this count of plaintiffs' petition they alleged negligence on the part of the defendant, "In failing to observe the care of a reasonably prudent man under the circumstances, in leaving said bulldozer unattended with its motor running." After both parties had rested and defendant's counsel had taken exceptions to the proposed instructions, counsel for plaintiffs dictated the following into the record: "At this time the plaintiffs amend their pleading to conform with the proofs in this case to make all the allegations pertaining to Count II of their petition apply to Count I therein and to the same force and effect with respect to both counts of said petition."

Defendant's counsel objected to the amendment claiming the case had been closed and further asserted the amendment had nothing to do with the proof and was not made for that purpose. The court then stated: "I'll take that under advisement and rule on it at recess." Apparently the objection was not ruled on. The court in a hearing relative to settling the record on this appeal stated in part:

"The court submitted this cause to the jury—prepared his instructions and submitted same to the jury on the theory that the amendment to the petition was granted, and even though the court did not directly rule on the application for the filing of the same, the instructions and submission of the same to the jury have the same effect as if the motion were granted."

Count I, as amended, in substance then stated that defendant as a reasonably prudent man was negligent in leaving the tractor unattended with its motor running and that the machine ran into the building owned by plaintiffs.

We think the trial court did not err in permitting the amendment to stand as against defendant's objection to it. We have held that the permitting of an amendment to conform with the proof after the evidence has been concluded rests largely within the discretion of the trial court. Kuiken v. Garrett, 243 Iowa 785, 803, 51 N.W.2d 149. We do not believe this discretion was abused. See rule 88, R. C. P.

█ VI. The defendant further asserts as an error the submission of Count II to the jury wherein the theory of res ipsa loquitur was pleaded. We hold the facts justify the submission of this portion of plaintiffs' petition and cause of action to the jury. In the instant case plaintiffs were not even in their place of business. The statements relative to res ipsa loquitur found in Basham v. Chicago G. W. Ry. Co., 178 Iowa 998, 1005, 1006, 154 N.W. 1019, 1022, are here applicable:

█ "* * * This rule is entirely consistent with the fundamental proposition of the law of negligence: that, in order to recover on account of the want of due care on the part of a defendant, the plaintiff assumes the burden of proof, and that proof of the mere fact of his injury is insufficient to sustain a finding in his favor. In all cases, he must offer competent evidence, from which the jury may fairly and justly find the defendant wanting in the proper measure of care. This he is not required to do by direct, positive evidence of eyewitnesses to the alleged negligent act, but it is sufficient to make a case for the jury on this question if he shows facts from which a reasonable inference of the alleged negligence may be drawn.

"* * * If the plaintiff, being in his rightful place and in the exercise of due care, is injured by reason of some defect in the condition or management of some instrumentality which is in the exclusive possession and control of defendant, and the accident is such as, in the ordinary course of events, does not happen if reasonable care is used to prevent it, such showing

1224

affords sufficient evidence to justify a jury in finding that the injury was caused by defendant's negligence [citing cases]."

See also Young v. Marlas, 243 Iowa 367, 371, 51 N.W.2d 443, 445; Savery v. Kist, 234 Iowa 98, 11 N.W.2d 23.

It is our conclusion there was, under the facts shown, a presumption indicating the defendant's negligence and that Count II was properly submitted.

The case of Glaser v. Schroeder, 269 Mass. 337, 339, 168 N. E. 809, comments on a situation somewhat similar to the one in the present case. It was there stated: "The unexplained automatic starting of a machine from a state of rest into motion, when according to its mechanical construction it ought to remain still, is evidence not only of some defect or want of repair in the machine but also of negligence in failing to discover and remedy such defect or want of repair, even though the details of such defect or want of repair may not be shown by the evidence."

VII. It is further claimed the trial court erred in not submitting the issue of an intervening independent cause to the jury. There was no evidence of an intervening cause that resulted in plaintiffs' damage. The court is not required to submit an allegation that is not supported by the evidence.

There were other matters presented as claimed errors and concerning which we have heretofore commented. We do not deem it necessary to discuss these issues further. For the reasons heretofore stated we reverse.—Reversed.

BLISS, C. J., and OLIVER, GARFIELD, MULRONEY, HAYS, THOMPSON, and LARSON, JJ., concur.