CLARENCE BROWN, appellee, v. THE SIOUX BUILDING CORPORATION, appellant.

No. 49135.

(Reported in 83 N.W.2d 471)

JUNE 4, 1957.

Baron, Brown & Yaneff, of Sioux City, for appellant.

A. D. Clem, Chas. M. Gasser and Richard Rhinehard, all of Sioux City, for appellee.

WENNERSTRUM, J.—Plaintiff sought damages by reason of injuries sustained, resulting from a fall from a marquee erected over the entrance to the Commerce Building in Sioux City, Iowa. This portion of the building fell while the plaintiff was working on one of the brace rods which sustained the marquee. He based his case on the doctrine of res ipsa loquitur. The defendant denied the applicability of this doctrine and pleaded the plaintiff knew, or in the exercise of reasonable care should have known, the condition of the marquee and the rod upon which he was working at the time of the accident. Upon trial the cause was submitted only under the theory of res ipsa loquitur. The jury returned a verdict for the plaintiff in a substantial amount. Various motions were submitted by the defendant following the jury verdict, which were overruled by the trial court. From the judgment entered and the rulings adverse to the defendant it has appealed.

On August 24, 1954, the manager of the Commerce Building telephoned the Pioneer Iron Works in Sioux City and advised an individual connected with that company one of the support rods of the marquee on the building was rusted and asked that it be fixed. Thereafter, one of the owners of the Iron Works and the plaintiff, an employee of the company, got on top of the marquee which was some 16 feet above the street level. They checked the supporting connecting rod at the southwest corner. This rod was composed of two parts, one of which extended from the building proper down to and connecting with another rod that was embedded in the marquee. These rods were connected by interlocking eyebolts at a point approximately 18 inches from the marquee roof. The owner of the Iron Works directed the plaintiff relative to what should be done to fix the supporting rods. No representative of the building company directed the plaintiff or his employer in regard to the manner in which the work should be done. The plaintiff was directed by his employer to weld a piece of metal across the two eyebolts.

Later, and while preparing to do the suggested welding, the plaintiff used a chipping hammer to clean the rust and paint off the rods where they were joined by the interlocking eyebolts. While he was doing this work, and only after he had chipped this portion of the rod two or three times, the rod pulled out from within the marquee causing it to fall down and towards the street.

The rod which extended into the marquee was welded or riveted to what is termed as a channel iron inside it. As a result of the fall of the marquee the plaintiff also fell and received injuries. The plaintiff testified regarding his observations after his fall, as follows: "* * * I looked up and I could see what should have been an angle had straightened out, and this angle should have been underneath the canopy to support it, and this was still connected to the eyebolts I was working on. This angle must have been at least two feet from the eyebolt I was working on. It wasn't at the eyebolt that it gave way, it was from underneath the canopy that it pulled out, something that couldn't be seen. I never did see that angle iron until it was hanging in the air, while I was lying in the street immediately after my fall."

As previously stated the plaintiff based his case on the doctrine of res ipsa loquitur. The defendant denied the applicability of this doctrine and pleaded the plaintiff knew or, in the exercise of reasonable care, should have known the condition of the marquee and the rods upon which he was working. By reason of the last claimed fact it was pleaded the plaintiff assumed the risk attendant to the work and the surrounding conditions. The plaintiff did not reply or deny the issue of assumption of risk until after he had rested his case and after the defendant had moved for a directed verdict. The plaintiff was permitted to file a denial of this last referred to issue over the objection of the defendant.

I. Inasmuch as the correctness of the submission of the issue of res ipsa loquitur is the paramount question in this case we shall consider first the applicable law and thereafter apply the facts in the present case.

The rule, known as the doctrine of res ipsa loquitur is to the effect that, where the thing which caused an injury is shown to be under the management of a defendant or his servants

and when the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it consequently affords reasonable evidence, in the absence of explanation of defendant, that the accident arose from want of proper care. 65 C. J. S., Negligence, section 220(2), page 987.

And it is stated in 65 C. J. S., Negligence, section 220(8), page 1006, as follows: "In order to render the doctrine of res ipsa loquitur applicable it is necessary to show an accident or injury, the physical cause of the injury, and the attendant circumstances must indicate such an unusual occurrence as in the light of ordinary experience would presumably not have happened if those who had the management or control of the physical cause had exercised proper care."

And in the last cited section, at page 1007, it is further stated: "In conformity with the general statements of the rule as discussed supra §220(2), the *doctrine is applicable only where the physical cause of the injury and the attendant circumstances indicate such an unusual occurrence that in their very nature they carry a strong inherent probability of negligence and in the light of ordinary experience would presumably not have happened if those who had the management or control had exercised proper care."* (Emphasis supplied.)

This court has summarized the necessary features which make applicable the doctrine of res ipsa loquitur in Young v. Marlas, 243 Iowa 367, 371, 51 N.W.2d 443, 445: It "* * * is the name for a legal principle which permits an inference of defendants' negligence upon proof that establishes (1) defendants' exclusive control and management of the instrumentalities causing the injury, and (2) the occurrence was such as in the ordinary course of events would not have happened without negligence on the part of defendants." (Citing Eaves v. City of Ottumwa, 240 Iowa 956, 38 N.W.2d 761, 11 A. L. R.2d 1164, and cases there cited.) See also, to the same effect, Sample v. Schwenck, 243 Iowa 1189, 1198, 54 N.W.2d 527.

The case of Francisco v. Miller, 14 N. J. Super. 290, 293, 296, 297, 298, 81 A.2d 803, 805, 806, 807, is quite in point and we shall quote a portion of that opinion by reason of the similarity of facts and their application to the law:

"On June 7, 1950, while pursuing a preliminary examination of the proposed alterations, Mr. Herman first stepped out of the window onto the platform of the fire escape, and when the plaintiff, who immediately followed him, came upon it, the platform collapsed. Both Mr. Herman and the plaintiff fell to the surface of the alleyway beneath, resulting in the death of Mr. Herman and bodily injury to the plaintiff. * * *

"Although the owner or occupier of the premises is not an insurer, he is liable for the injurious consequences suffered by an invitee by reason of defects of which he has knowledge or of defects which have existed for so long a time that, by the exercise of reasonable care, he had both an opportunity to discover and to remedy. Schnatterer v. Bamberger & Co., 81 N. J. L. 558, 79 A. 324, 34 L. R. A., N. S., 1077 (E. & A. 1911); Thompson v. Giant Tiger Corp., 118 N. J. L. 10, 189 A. 649 (E. & A. 1937); Daddetto v. Barbiera, 4 N. J. Super. 479, 67 A.2d 691 (App. Div. 1949); Oelschlaeger v. Hahne & Co., 2 N. J. 490, 66 A.2d 861 (1949); Restatement, Torts, N. J. Anno., § 343 (1940).

"It is within the compass of the above-mentioned principles of duty and liability that we consider the probative scope of the evidence in the present case.

"Assuredly it could not have been reasonably inferred by the jury from any of the evidence that the decedent had actual notice or knowledge of the obscure defective condition and nevertheless fraudulently concealed his knowledge and deliberately jeopardized his own safety.

"Our inquiry therefore necessarily converges upon the question whether in any logical aspect of the evidence the defective condition had existed for so long a time that, by the exercise of reasonable care by the defendants' decedent, he had both the opportunity to discover and to remedy it. * * *

"The inference is irresistible that the corrosion of the angle bars was indiscoverable except by means of some extraordinary investigation. * * *

"We are of the opinion that fair-minded men would not logically infer and honestly resolve that in all the uncontroverted circumstances of the present case the defendants' decedent was guilty of culpable neglect in not observing a defective condition

so hidden in such a period of time and thus failed to exercise the care and precaution commonly employed by a person of reasonable foresight, vigilance, and prudence. Vide, Gentile v. Pub. Service Coordinated Transport, 12 N. J. Super. 45, 78 A.2d 915 (App. Div. 1951)."

Another case which has similarity to the one now before us is that of Miller v. Hickey (1951), 368 Pa. 317, 324, 325, 331, 81 A.2d 910, 914, 917. In this cited case the plaintiff was working on a fire escape for the purpose of cleaning, brushing and scraping it preparatory to painting it. He had continued his work for a short period of time and then decided he needed some paint and turned around and put his left hand on an outside rail which gave way. Plaintiff grabbed with his right hand to hold on but fell headfirst to the sidewalk.

In the cited case it is stated: "An owner or possessor of land is not an insurer; he is not charged with the absolute duty of having his premises in a safe condition but on the contrary, owes to a business visitor or invitee only the duty of reasonable care for his protection and safety, viz.: to keep the premises in a reasonably safe condition and if there be any defects known or discoverable by the exercise of reasonable care and diligence, to warn the business invitee of these defects or dangers; but for a latent defect of which an owner or possessor is ignorant and which could not be discovered in the exercise of reasonable care and diligence he is not liable: Lentz v. Allentown Bobbin Works, 291 Pa. 526, 140 A. 541; McCreery v. Westmoreland Farm Bureau, 357 Pa. 567, 572, 55 A.2d 399; Sorrentino v. Graziano, 341 Pa. 113, 17 A.2d 373; Newingham v. J. C. Blair Co., 232 Pa. 511, 81 A. 556; Vetter v. Great Atlantic & Pacific Tea Co., 322 Pa. 449, 185 A. 613; Bechtel v. Franklin Trust Co., 120 Pa. Super. 587, 182 A. 800. * * *

"Considering all the evidence and all reasonable inferences therefrom in the light most favorable to the plaintiff, he not only failed to prove any specific negligence on the part of the defendant, or the existence of conditions so obviously dangerous as to amount to evidence from which an inference of negligence would legitimately arise, but he likewise failed to prove that the defect could or should have been discovered by a proper or rea-

954

sonable inspection. This failure is the touchstone of this case."

In commenting upon the doctrine of res ipsa loquitur it is stated in the last cited case as follows: "Great care must be exercised to limit and restrict this so-called rule or exception to cases (a) which are exceptional, and (b) where the evidence of the cause of the accident is not equally available to both parties but is peculiarly or exclusively accessible to and within the possession of the defendant: Rockey v. Ernest, 367 Pa. 538, 80 A.2d 783; Norris v. Philadelphia Electric Co., 334 Pa. 161, 5 A.2d 114; Dickey v. Boggs & Buhl, Inc., 345 Pa. 453, 29 A2d 1. Were it otherwise and were the exception applied literally, it would nullify and destroy the long settled and well established principles of negligence."

A number of cases are cited in the Miller v. Hickey opinion in support of the holding to the effect that the doctrine of res ipsa loquitur was not applicable.

And in the Sample case, supra, 243 Iowa 1189, 1198, 54 N.W.2d 527, 531, we stated: "The first condition has been held to mean the management must be so much under the *exclusive* control of defendant as to charge him with superior knowledge or means of information as to the cause of the accident. 65 C. J. S., Negligence, section 220(5); Savery v. Kist, 234 Iowa 98, 103, 11 N.W.2d 23. 'Our decisions involving the res ipsa rule have uniformly stressed the necessity of defendant's complete and exclusive control of the instrumentalities that cause the injury.' Eaves v. City of Ottumwa, 240 Iowa 956, 970, 38 N.W.2d 761, 769, 11 A. L. R.2d 1164, citing Pierce v. Gruben, 237 Iowa 329, 347, 21 N.W.2d 881, 889, 19 N. C. C. A., N. S., 73; Whetstine v. Moravec, 228 Iowa 352, 368, 291 N.W. 425."

And so in the instant case we are under obligation to determine whether the facts disclosed show the applicability of the two requirements heretofore noted. We are constrained to hold there is an entire lack of evidence to show there was such *exclusive* control by the defendant-company as to charge it with superior knowledge or means of information as to the cause of the accident. It is true the defendant is the owner of the building, but that in itself does not give the defendant "superior knowledge or means of information as to the cause of the accident." At the time when the marquee fell it is apparent the

defendant was not in exclusive control of it because of plaintiff's presence and activity thereon. And likewise we are unable to reach the conclusion "the occurrence was such as in the ordinary course of events would not have happened without negligence on the part of defendant."

Cases of this court, which hold the doctrine of res ipsa loquitur was not applicable, include the following: Fanelli v. Illinois Central R. Co., 246 Iowa 661, 674, 69 N.W.2d 13, where the facts show the defendant company was in charge of the coach from which the plaintiff fell but there was no showing the injury was caused by a visible defect which the carrier could have discovered; Shinofield v. Curtis, 245 Iowa 1352, 1363, 66 N.W.2d 465, 50 A. L. R.2d 964, where plaintiff's decedent was found lying on the street fatally injured shortly after she had alighted from defendant's truck and where it was said the evidence may show negligence but it did not show there was such an accident which would not have happened if reasonable care had been used by the motorist; Sample v. Schwenck, supra, 243 Iowa 1189, 1198, 54 N.W.2d 527, where the plaintiff was injured by reason of the falling of a farm building which was being raised and where it was shown the defendant had no greater means of knowledge than was possessed by the plaintiff employee; Dodge v. McFall, 242 Iowa 12, 45 N.W.2d 501, where plaintiff's building was destroyed by fire and where it was held there was no presumption of negligence arising from the mere fact of an injury; Eaves v. City of Ottumwa, 240 Iowa 956, 969, 38 N.W.2d 761, 11 A. L. R.2d 1164, where the overflowing of water was not shown to be the result of instrumentalities under the exclusive control and management of the defendant; Pierce v. Gruben, 237 Iowa 329, 21 N.W.2d 881, where it was shown the defendant did not have control or management of the instrumentalities involved except at the time it was installed some considerable time before the accident; Barton v. Armstrong, 237 Iowa 734, 737, 23 N.W.2d 912, where the decedent was killed when struck and run over by a trailer-tractor owned by the defendant and where it is noted if the circumstances disclosed are not such as tend to indicate negligence then they cannot be deemed to speak.

Our cases which have held the doctrine of res ipsa loquitur applicable include the following: Frost v. Des Moines Still College of Osteopathy and Surgery (1956), 248 Iowa 294, 299, 79 N.W.2d 306, 310, where the plaintiff was injured apparently as the result of ether and where the court held, "* * * the defendant corporation had 'complete control' over its officers and employees excepting perhaps when they were personally engaged in the professional practice of osteopathy and surgery. * * *"; Hall v. Town of Keota (1956), 248 Iowa 131, 79 N.W.2d 784, where a young boy was killed by the falling of a light pole and it was held the record showed the pole was under the exclusive control of the town and no one else had a right to tamper with it; Johnson v. Johnson, 245 Iowa 1216, 65 N.W.2d 157, where a defendant left a tractor running near an alleyway and out of gear and which during his absence crossed the alley and crashed through the back end of plaintiff's building; Young v. Marlas, supra, 243 Iowa 367, 51 N.W.2d 443, where it was held when a window glass fell from defendant's store building onto the sidewalk and the plaintiff was injured a prima-facie case under the doctrine of res ipsa loquitur was made out. It is there held the proof showed the defendant was in exclusive control and management of the instrumentalities causing the injury and the occurrence was such as in the ordinary course of events would not have happened without negligence on the part of the defendant; Savery v. Kist, 234 Iowa 98, 11 N.W.2d 23, where a defendant's tractor-trailer ran down an alleyway unattended and crashed into a building injuring the plaintiff. It was there held the doctrine was based on the theory that one who had charge of the thing that caused the injury either knows the cause of the accident or has the best opportunity of ascertaining it; Peterson v. De Luxe Cab Co., 225 Iowa 809, 281 N.W. 737, where a door of a taxicab was opened resulting in an injury to plaintiff's eye and wherein it was held the doctrine was applicable. See also Whetstine v. Moravec, 228 Iowa 352, 291 N.W. 425; Pearson v. Butts, 224 Iowa 376, 276 N.W. 65; Sutcliffe v. Fort Dodge Gas & Electric Co., 218 Iowa 1386, 257 N.W. 406.

After a review of the applicable law as disclosed in the cited authorities and its application to the facts disclosed by the record we have reached the conclusion the doctrine of res ipsa

loquitur was not applicable in the present case. This was the only basis of negligence pleaded by the plaintiff and consequently there must be a reversal. Our determination of the issue commented upon makes it unnecessary to consider other claimed errors of the trial court.—Reversed.

BLISS, C. J., and GARFIELD, HAYS, PETERSON, SMITH, and THOMPSON, JJ., concur.

LARSON and OLIVER, JJ., dissent.

LARSON, J. (dissenting)—I find myself unable to agree with the majority in the determination that the "doctrine" of res ipsa loquitur does not apply. Otherwise, I find no fault with the announced rules of law nor with the authorities cited, but feel they are not properly applied to the facts in this case.

The degree of care one must exercise is commensurate with the duty upon one to exercise due care. Negligence is the failure to exercise such care. Negligence of the defendant, of course, can be proved by circumstantial evidence, but under the doctrine of res ipsa loquitur proof of certain facts supply the inference of negligence necessary for recovery. See 35 Iowa Law Review 393; Shinofield v. Curtis, 245 Iowa 1352, 66 N.W.2d 465, and citations. The rules applicable require (a) that the accident be of a kind which ordinarily does not occur in the absence of someone's negligence; (b) that it is caused by an instrumentality within the exclusive control of the defendant; and (c) the elimination of any possible contributing conduct which would make plaintiff responsible. Prosser on Torts, Hornbook Series, page 291. It is true some authorities, including Iowa, suggest also that the evidence as to the explanation of the accident must be more readily accessible to the defendant than to the plaintiff, but the better view is that so long as the circumstances give rise to a reasonable inference of negligence, the latter showing is not essential. If required, even this element is found herein.

Circumstances here, I believe, clearly reveal facts or sets of facts which permit, though they do not compel, a finding that the defendant was in fact negligent. Eaves v. City of Ottumwa, 240 Iowa 956, 38 N.W.2d 761, 11 A. L. R.2d 1164. Of course

the mere fact that an accident occurred, with nothing more is not evidence of negligence. Perhaps this is the place the majority falls into error. This accident was not unavoidable. It was not an occurrence that defied explanation. The actual condition of the marquee could and should have been discovered. A duty of the management appears to have been neglected. Defendant was charged with a duty to keep the marquee extending over the public sidewalk in a reasonably safe condition. In the light of ordinary experience, such structures are dangerous unless kept in good repair. Rust and wear make it imperative that *regular* and *complete* inspections be made of all parts, hidden as well as visible. Visible evidence of such rust and weather-wear, discovered in a hasty inspection by the management, gave mute warning of disintegrating parts. Was this not sufficient warning to alert the management that other parts, though hidden from view, were likewise affected? It must be said that all that is required here is that reasonable men shall be able to say that on the whole it is more likely that there was negligence associated with the cause than that there was not. Failure of structural parts not inspected or carefully maintained, especially after due warning, must give rise to an inference of negligence. The jury thought so, and I agree. It is interesting also to note the fact that the offending marquee has now been completely removed.

The duty to keep the marquee in a reasonably safe condition was commensurate with the hazard involved to those invited to use it—above as well as below. That it extended to plaintiff, an invited workman who went thereon to repair a visible defect, there can be no doubt. He was not an unforeseeable victim of a failure of other defective structural parts. There was a duty to him as well as to the public generally to maintain the structure in a reasonably safe condition. The condition of a welded and riveted joint, concealed within the facing of the structure a short distance from the apparent defect, could have been found upon further examination. It was not discovered, and it did fail. Do not such facts give rise to an inference of negligence by defendant? Such a degree of care toward a person permitted to submit himself to the hazard involved seems to me as not calling for an unreasonable burden upon the defendant.

The majority confound me further by saying there is an entire lack of evidence to show there was such exclusive control by the defendant-company to charge it with superior knowledge or means of information as to the cause of the accident. Who did have control of this structure? Who found a defective knuckle and asked to have it repaired? Who could and should inspect the entire structure to prevent injury to this workman or the general public passing beneath the same? Who else could or should obtain the knowledge of the structure's safety? Was it not incumbent upon the company to inspect and find the defects?

Plaintiff's employer was shown the portion defendant wished repaired, and the method of repair was left to·the contractor. The entire structure could have and perhaps should have been turned over to him for repairs, but it was not. Only a small part was referred to the repairman. Was it not defendant's obligation to know the structure's condition and keep it safe? Were not all persons properly using it entitled to assume that duty was performed? Plaintiff and his employer were carefully performing the task assigned to them, and *that small sector did not fail.* The failure came in another part in the exclusive control of defendant, and defendant alone. Could it be that it was not charged with a superior knowledge of the structural condition of that marquee? Could it thereby escape all inferences of negligence by merely stating it was unaware of the hidden defect? I think not.

The cases are many holding public utilities and others for structural failures of hidden underground pipes that are defective and cause damage to others. I fail to distinguish them from the case at bar. Res ipsa loquitur has been held to apply in Carmody v. Boston Gas Light Co., 162 Mass. 539, 39 N.E. 184; Gould v. Winona Gas Co., 100 Minn. 258, 111 N.W. 254, 10 L. R. A., N. S., 889; Buffums' v. City of Long Beach, 111 Cal. App. 327, 295 P. 540; Frenkil v. Johnson, 175 Md. 592, 3 A.2d 479; Kleinman v. Banner Laundry Co., 150 Minn. 515, 186 N.W. 123, 23 A. L. R. 479. Also see annotation at 11 A. L.R.2d 1179; Eaves v. Ottumwa, 240 Iowa 956, 38 N.W.2d 761, 11 A. L. R.2d 1164, and cases cited therein; and many others. In the Eaves

case this court, speaking through Justice Garfield, said at page 969 of 240 Iowa:

"Under this doctrine, where injury occurs by instrumentalities under the exclusive control and management of defendant and the occurrence is such as in the ordinary course of things would not happen if reasonable care had been used, the happening of the injury permits but does not compel an inference that defendant was negligent." (Citing cases.) Also see 38 Am. Jur., Negligence, section 295.

I feel res ipsa loquitur is clearly applicable here where there was a general obligation to exercise due care, a special knowledge due to the visible condition, and a clear inference, if proper inspection had been made, that general and not specific repairs would have been necessary to make the marquee safe for all those expected or invited to use it.

Would the determination have been any different had the plaintiff been a sidewalk pedestrian crushed by the falling marquee? Surely res ipsa loquitur would then apply. As to similar cases pertaining to falling awnings, see annotation, 34 A. L. R.2d 486; Potter v. Rorabaugh-Wiley Dry Goods Co., 83 Kan. 712, 112 P. 613, 32 L. R. A., N. S., 45; McCrorey v. Thomas, 109 Va. 373, 63 S.E. 1011, 17 Ann. Cas. 373; Schnur v. State, 35 N. Y. S.2d 499; S. H. Kress & Co. v. Barratt, 226 Ala. 455, 147 So. 386.

I would affirm.

OLIVER, J., joins in this dissent.